QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Alexander Rudis (*pro hac vice*)
alexanderrudis@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for Symantec Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., | CASE NO. 3:14-cv-02998-RS |
| Plaintiff, | **DEFENDANT SYMANTEC CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT; DECLARATORY JUDGMENT COUNTERCLAIMS** |
| vs. | |
| SYMANTEC CORP., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |
| | Hon. Richard Seeborg |

Symantec Corporation ("Symantec") for its Answer and Counterclaims to Finjan, Inc.'s

("Finjan") Complaint for Patent Infringement and Jury Demand ("Complaint") states as follows:

## THE PARTIES

1.      Symantec lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, denies the same.

2.      Symantec admits the allegations of paragraph 2.

## JURISDICTION AND VENUE

3.      Symantec admits that Finjan purports to plead claims arising under the Patent Act of the United States, 35 U.S.C. 101, *et seq.,* but denies that such claims have merit.   Symantec admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      Symantec admits that venue in this district is proper for the purposes of this case only, but denies that it has committed any acts of infringement in this district or any other.

5.      Symantec admits that the Court has personal jurisdiction over Symantec based solely on the fact that Symantec does business in this District.   Symantec further admits that it is a plaintiff in the case *Symantec Corp. v. RPost Holdings, Inc*. et al 3:14-cv-00238, which is venued in this district.   Symantec denies the remaining allegations in paragraph 5.

## INTRADISTRICT ASSIGNMENT

6.      Symantec admits the allegations in paragraph 6.

## FINJAN'S INNOVATIONS[1]

7.      Symantec lacks knowledge to admit or deny the allegations in paragraph 7 and therefore denies these allegations.

8.      Symantec lacks knowledge to admit or deny the allegations in paragraph 8 and therefore denies these allegations.

9.      Symantec lacks knowledge to admit or deny the allegations in paragraph 9 and therefore denies these allegations.

10.      Symantec admits that U.S. Patent No. 7,756,996 ("the '996 Patent"), entitled "Embedding Management Data Within HTTP Messages" bears the date July 13, 2010 and lists Shlomo Touboul on the face of the patent.   Symantec admits that a copy of what purports to be

---

[1]      Symantec repeats the headings in the Complaint solely for convenience purposes and without admitting their truth.

the '996 Patent is attached to the Complaint as Exhibit 1. Symantec denies the remaining allegations of paragraph 10.

11. Symantec lacks knowledge to admit or deny the allegations in paragraph 11 and therefore denies these allegations.

12. Symantec denies the allegations of paragraph 12.

13. Symantec admits that U.S. Patent No. 7,757,289 ("the '289 Patent"), entitled "System and Method for Inspecting Dynamically Generated Executable Code" bears the date July 13, 2010 and lists David Gruzman and Yuval Ben-Itzhak on the face of the patent. Symantec admits that a copy of what purports to be the '289 Patent is attached to the Complaint as Exhibit 2. Symantec denies the remaining allegations of paragraph 13.

14. Symantec lacks knowledge to admit or deny the allegations in paragraph 14 and therefore denies these allegations.

15. Symantec denies the allegations of paragraph 15.

16. Symantec admits that U.S. Patent No. 7,930,299 ("the '299 Patent"), entitled "System and Method for Appending Security Information to Search Engine Results" bears the date April 19, 2011 and lists Yuval Ben-Itzhak and Limor Elbaz on the face of the patent. Symantec admits that a copy of what purports to be the '299 Patent is attached to the Complaint as Exhibit 3. Symantec denies the remaining allegations of paragraph 16.

17. Symantec lacks knowledge to admit or deny the allegations in paragraph 17 and therefore denies these allegations.

18. Symantec denies the allegations of paragraph 18.

19. Symantec admits that U.S. Patent No. 8,015,182 ("the '182 Patent"), entitled "System and Method for Appending Security Information to Search Engine Results" bears the date September 6, 2011 and lists Yuval Ben-Itzhak and Limor Elbaz on the face of the patent. Symantec admits that a copy of what purports to be the '182 Patent is attached to the Complaint as Exhibit 4. Symantec denies the remaining allegations of paragraph 19.

20. Symantec lacks knowledge to admit or deny the allegations in paragraph 20 and therefore denies these allegations.

21.     Symantec denies the allegations of paragraph 21.

22.     Symantec admits that U.S. Patent No. 8,141,154 ("the '154 Patent"), entitled "System and Method for Inspecting Dynamically Generated Executable Code" bears the date March 20, 2012 and lists David Gruzman and Yuval Ben-Itzhak on the face of the patent. Symantec admits that a copy of what purports to be the '154 Patent is attached to the Complaint as Exhibit 5.   Symantec denies the remaining allegations of paragraph 22.

23.     Symantec lacks knowledge to admit or deny the allegations in paragraph 23 and therefore denies these allegations.

24.     Symantec denies the allegations of paragraph 24.

## SYMANTEC

25.     Symantec admits that it makes, uses, sells, and offers for sale or imports products and services that utilize Browser Intrusion Prevention System, Insight, Disarm, Norton Safe Web, Norton Safe Search and Symantec Endpoint Manager, including without limitation on Messaging Gateway, Message Gateway for Service Providers, Message Gateway Small Business Edition, Symantec Endpoint Protection, Symantec Endpoint Protection Small Business Edition, Network Access Control, Norton Internet Security, Norton AntiVirus, Norton 360, and Safe-Web Lite.

26.     Symantec admits that it sells products under the "Norton" and "Symantec" brand names.   Symantec also admits that it also does business in the fields of information security and information management.   Except as otherwise expressly admitted, Symantec denies the allegations in paragraph 26 because, in part, the allegations are vague and Symantec lacks sufficient knowledge to admit or deny them.

27.     Symantec admits that Symantec Insight and Symantec Online Network for Advanced Response (SONAR) are technologies that are included in some Symantec products. Except as otherwise expressly admitted, Symantec denies the remaining allegations in paragraph 27.

28.     Symantec admits that it Norton Safe Web is included in some Symantec products. Except as otherwise expressly admitted, Symantec denies the remaining allegations in paragraph 28.

29. Symantec admits that Disarm is a technology that is included in some Symantec products. Except as otherwise expressly admitted, Symantec denies the remaining allegations in paragraph 29.

30. Symantec admits that Symantec Endpoint Protection Manager is a feature included in some Symantec products. Except as otherwise expressly admitted, Symantec denies the remaining allegations in paragraph 30.

## SYMANTEC'S INFRINGEMENT OF FINJAN'S PATENTS

31. Symantec denies the allegations in paragraph 31.

32. Symantec denies the allegations in paragraph 32.

33. Symantec denies the allegations in paragraph 33.

## COUNT I

### (Direct Infringement of the '996 Patent pursuant to 35 U.S.C. § 271 (a))

34. Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

35. Symantec denies the allegations in paragraph 35.

36. Symantec denies the allegations in paragraph 36.

37. Symantec denies the allegations in paragraph 37.

38. Symantec denies the allegations in paragraph 38.

39. Symantec denies the allegations in paragraph 39.

40. Symantec denies the allegations in paragraph 40.

41. Symantec denies the allegations in paragraph 41.

## COUNT II

### (Indirect Infringement of the '996 Patent pursuant to 35 U.S.C. § 271 (b))

42. Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

43. Symantec denies the allegations in paragraph 43.

44. Symantec denies the allegations in paragraph 44.

45. Symantec denies the allegations in paragraph 45.

46.     Symantec admits that it provides technical support to its customers and maintains a website called "Symantec Connect."   That website states that Symantec Connect is "where Symantec business customers, partners, and employees find solutions, share technical knowledge, and submit product ideas."   *See* http://www.symantec.com/connect/ *last accessed* August 18, 2014.   Symantec further admits that a copy of what purports to be an article entitled "Symantec Endpoint Protection Manager 12.1 Communication Troubleshooting," which is available at http://www.symantec.com/docs/TECH160964, is attached to the Complaint as Exhibit 8. Symantec further admits that a copy of what purports to be an article entitled "SYM14-004 Symantec Endpoint Protection Management Vulnerabilities," which is available at http://www.symantec.com/docs/TECH214866, is attached to the Complaint as Exhibit 9. Symantec further admits that a copy of what purports to be an article entitled "Best Practices Guide to Application Learning in Symantec Endpoint Protection Manager," which is available at http://www.symantec.com/docs/TECH134367, is attached to the Complaint as Exhibit 10. Symantec otherwise denies the allegations in paragraph 46.

47.     Symantec admits that a copy of what purports to be a page from Symantec's website is attached to the Complaint as Exhibit 11.   Symantec otherwise denies the allegations in paragraph 47.

48.     Symantec admits that a copy of what purports to be a page from the FTP site ftp://ftp.symantec.com/public/english_us_canada/ is attached to the Complaint as Exhibit 12. Symantec otherwise denies the allegations in paragraph 48.

49.     Symantec admits that a copy of what purports to be an image from the website http://www.symantec.com/tv/ is attached to the Complaint as Exhibit 13.   Symantec further admits that a copy of what purports to be an image from the website https://www.youtube.com/user/symantec is attached to the Complaint as Exhibit 14.   Symantec otherwise denies the allegations in paragraph 49.

50.     Symantec admits that it maintains a website called PartnerNet, which is available at http://partnernet.symantec.com/.   Symantec further admits that a copy of what purports to be a

page from the PartnerNet website is attached to the Complaint at Exhibit 15.   Symantec otherwise denies the allegations in paragraph 50.

51.     Symantec admits that a page on the website http://partnernet.symantec.com/ is called "Symantec University for Partners."   *See* http://partnernet.symantec.com/portal/faces/training?_adf.ctrl-state=qcnhk4uwz_4&_afrLoop=1905084111962757, *last accessed* August 18, 2014.   Symantec further admits that a copy of what purports to be a page from the PartnerNet website called "Symantec University for Partners" is attached to the Complaint at Exhibit 16.   Symantec otherwise denies the allegations in paragraph 51.

52.     Symantec admits that a copy of what purports to be a page called "Supported Products A-Z" from the Symantec.com website is attached to the Complaint at Exhibit 17. Symantec otherwise denies the allegations in paragraph 52.

53.     Symantec denies the allegations in paragraph 53.

54.     Symantec denies the allegations in paragraph 54.

55.     Symantec denies the allegations in paragraph 55.

## COUNT III

**(Direct Infringement of the '289 Patent pursuant to 35 U.S.C. § 271 (a))**

56.     Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

57.     Symantec denies the allegations in paragraph 57.

58.     Symantec denies the allegations in paragraph 58.

59.     Symantec denies the allegations in paragraph 59.

60.     Symantec denies the allegations in paragraph 60.

61.     Symantec denies the allegations in paragraph 61.

62.     Symantec denies the allegations in paragraph 62.

63.     Symantec denies the allegations in paragraph 63.

## COUNT IV

### (Indirect Infringement of the '289 Patent pursuant to 35 U.S.C. § 271 (b))

64.    Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

65.    Symantec denies the allegations in paragraph 65.

66.    Symantec denies the allegations in paragraph 66.

67.    Symantec denies the allegations in paragraph 67.

68.    Symantec admits that it provides technical support to its customers and maintains a website called "Symantec Connect."   Symantec further admits that a copy of what purports to be a page from the Symantec.com website called "Symantec Messaging Gateway Disarm whitepaper" is attached to the Complaint as Exhibit 18.   Symantec further admits that a copy of what purports to be an article entitled "About Disarming potentially malicious content in attached documents," which is available at http://www.symantec.com/docs/HOWTO93093, is attached to the Complaint as Exhibit 19.   Symantec further admits that a copy of what purports to be a blog entry entitled "Disarm Advanced Persistent Threats with Symantec Messaging Gateway," which is available on the Symantec Connect website, is attached to the Complaint as Exhibit 20. Symantec further admits that a copy of what purports to be an entry from the Symantec Connect Forum entitled "Any Solution to mitigate recent Microsoft Word Vulnerability (Microsoft Security Advisory" is attached to the Complaint as Exhibit 21.   Symantec otherwise denies the allegations in paragraph 68.

69.    Symantec admits that a copy of what purports to be a page from Symantec's website is attached to the Complaint as Exhibit 11.   Symantec otherwise denies the allegations in paragraph 69.

70.    Symantec admits that a copy of what purports to be a page from the FTP site ftp://ftp.symantec.com/public/english_us_canada/ is attached to the Complaint as Exhibit 12. Symantec otherwise denies the allegations in paragraph 70.

71.    Symantec admits that a copy of what purports to be an image from the website http://www.symantec.com/tv/ is attached to the Complaint as Exhibit 13.   Symantec further

1  admits that a copy of what purports to be an image from the website

2  https://www.youtube.com/user/symantec is attached to the Complaint as Exhibit 14.   Symantec

3  otherwise denies the allegations in paragraph 71.

4         72.    Symantec admits that it maintains a website called PartnerNet which is available at

5  http://partnernet.symantec.com/.   Symantec further admits that a copy of what purports to be a

6  page from the PartnerNet website is attached to the Complaint at Exhibit 15.   Symantec otherwise

7  denies the allegations in paragraph 72.

8         73.    Symantec admits that a page on the website http://partnernet.symantec.com/ is

9  called "Symantec University for Partners."  *See*

10 http://partnernet.symantec.com/portal/faces/training?_adf.ctrl-

11 state=qcnhk4uwz_4&_afrLoop=1905084111962757, *last accessed* August 18, 2014.   Symantec

12 further admits that a copy of what purports to be a page from the PartnerNet website called

13 "Symantec University for Partners" is attached to the Complaint at Exhibit 16.   Symantec

14 otherwise denies the allegations in paragraph 73.

15        74.    Symantec admits that a copy of what purports to be a page called "Supported

16 Products A-Z" from the Symantec.com website is attached to the Complaint at Exhibit 17.

17 Symantec otherwise denies the allegations in paragraph 74.

18        75.    Symantec denies the allegations in paragraph 75.

19        76.    Symantec denies the allegations in paragraph 76.

20        77.    Symantec denies the allegations in paragraph 77.

21                          <u>**COUNT V**</u>

22        **(Direct Infringement of the '299 Patent pursuant to 35 U.S.C. § 271 (a))**

23        78.    Symantec repeats and incorporates by reference its responses to the previous

24 paragraphs as if fully set forth herein.

25        79.    Symantec denies the allegations in paragraph 79.

26        80.    Symantec denies the allegations in paragraph 80.

27        81.    Symantec denies the allegations in paragraph 81.

28        82.    Symantec denies the allegations in paragraph 82.

1        83.     Symantec denies the allegations in paragraph 83.

2        84.     Symantec denies the allegations in paragraph 84.

3        85.     Symantec denies the allegations in paragraph 85.

## COUNT VI

### (Indirect Infringement of the '299 Patent pursuant to 35 U.S.C. § 271 (b))

86.     Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

87.     Symantec denies the allegations in paragraph 87.

88.     Symantec denies the allegations in paragraph 88.

89.     Symantec denies the allegations in paragraph 89.

90.     Symantec admits that it maintains a website called "Norton™ Safe Web," which is available at https://safeweb.norton.com/.   Symantec further admits that a copy of what purports to be the "About" page from the Norton™ Safe Web site is attached to the Complaint as Exhibit 22. Symantec further admits that a copy of what purports to be the "Community Buzz" page from the Norton™ Safe Web site is attached to the Complaint as Exhibit 23.   Symantec further admits that a copy of what purports to the "Safety & Threats" page from the Norton™ Safe Web site is attached to the Complaint as Exhibit 24.   Symantec further admits that a copy of what purports to be the webpage http://community.norton.com/t5/forums/searchpage/tab/message?filter=labels&q=safe+web is attached to the Complaint as Exhibit 25.   Symantec further admits that a copy of what purports to be a webpage available at http://us.norton.com/products/toolbar/tutorials/tutorials.jsp?pvid=n360v3 is attached to the Complaint as Exhibit 7.   Symantec otherwise denies the allegations in paragraph 90.

91.     Symantec admits that a copy of what purports to be a page from Symantec's website is attached to the Complaint as Exhibit 11.   Symantec otherwise denies the allegations in paragraph 91.

1         92.     Symantec admits that a copy of what purports to be a page from the FTP site

2 ftp://ftp.symantec.com/public/english_us_canada/ is attached to the Complaint as Exhibit 12.

3 Symantec otherwise denies the allegations in paragraph 92.

4         93.     Symantec admits that a copy of what purports to be an image from the website

5 http://www.symantec.com/tv/ is attached to the Complaint as Exhibit 13.   Symantec further

6 admits that a copy of what purports to be an image from the website

7 https://www.youtube.com/user/symantec is attached to the Complaint as Exhibit 14.   Symantec

8 otherwise denies the allegations in paragraph 93.

9         94.     Symantec admits that it maintains a website called PartnerNet which is available at

10 http://partnernet.symantec.com/.   Symantec further admits that a copy of what purports to be a

11 page from the PartnerNet website is attached to the Complaint at Exhibit 15.   Symantec otherwise

12 denies the allegations in paragraph 94.

13         95.     Symantec admits that a page on the website http://partnernet.symantec.com/ is

14 called "Symantec University for Partners."  *See*

15 http://partnernet.symantec.com/portal/faces/training?_adf.ctrl-

16 state=qcnhk4uwz_4&_afrLoop=1905084111962757, *last accessed* August 18, 2014.   Symantec

17 further admits that a copy of what purports to be a page from the PartnerNet website called

18 "Symantec University for Partners" is attached to the Complaint at Exhibit 16.   Symantec

19 otherwise denies the allegations in paragraph 95.

20         96.     Symantec admits that a copy of what purports to be a page called "Supported

21 Products A-Z" from the Symantec.com website is attached to the Complaint at Exhibit 17.

22 Symantec otherwise denies the allegations in paragraph 96.

23         97.     Symantec denies the allegations in paragraph 97.

24         98.     Symantec denies the allegations in paragraph 98.

25         99.     Symantec denies the allegations in paragraph 99.

26

27

28

## COUNT VII

### (Direct Infringement of the '182 Patent pursuant to 35 U.S.C. § 271 (a))

100.    Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

101.    Symantec denies the allegations in paragraph 101.

102.    Symantec denies the allegations in paragraph 102.

103.    Symantec denies the allegations in paragraph 103.

104.    Symantec denies the allegations in paragraph 104.

105.    Symantec denies the allegations in paragraph 105.

106.    Symantec denies the allegations in paragraph 106.

107.    Symantec denies the allegations in paragraph 107.

## COUNT VIII

### (Indirect Infringement of the '182 Patent pursuant to 35 U.S.C. § 271 (c))

108.    Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

109.    Symantec denies the allegations in paragraph 109.

110.    Symantec denies the allegations in paragraph 110.

## COUNT IX

### (Direct Infringement of the '154 Patent pursuant to 35 U.S.C. § 271 (a))

111.    Symantec repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

112.    Symantec denies the allegations in paragraph 112.

113.    Symantec denies the allegations in paragraph 113.

114.    Symantec denies the allegations in paragraph 114.

115.    Symantec denies the allegations in paragraph 115.

116.    Symantec denies the allegations in paragraph 116.

117.    Symantec denies the allegations in paragraph 117.

118.    Symantec denies the allegations in paragraph 118.

## AFFIRMATIVE DEFENSES

119.    Symantec asserts the following affirmative and other defenses.   Symantec reserves the right to assert additional affirmative defenses as further information is obtained.   By asserting the affirmative defenses below, Symantec does not waive any unstated defenses.   Symantec reserves all available affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity of the '996 Patent)

120.    The claims of the '996 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly construed to cover any of Symantec's products and services that utilize Browser Intrusion Prevention System, Insight, Disarm, Norton Safe Web, Norton Safe Search and Symantec Endpoint Manager, including without limitation on Messaging Gateway for Service Providers, Message Gateway Small Business Edition, Symantec Endpoint Protection, Symantec Endpoint Protection Small Business Edition, Network Access Control, Norton Internet Security, Norton Anti-Virus, Norton 360, and Safe-Web Lite.   ("Symantec Accused Products and Services").

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity of the '289 Patent)

121.    The claims of the '289 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the written

description of the patented invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly construed to cover any of the Symantec Accused Products and Services.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity of the '299 Patent)

122. The claims of the '299 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly construed to cover any of the Symantec Accused Products and Services.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity of the '182 Patent)

123. The claims of the '182 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly construed to cover any of the Symantec Accused Products and Services.

## FIFTH AFFIRMATIVE DEFENSE

### (Invalidity of the '154 Patent)

124. The claims of the '154 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented invention, and/or claims unpatentable subject matter, and no claim of that patent can be validly construed to cover any of the Symantec Accused Products and Services.

**SIXTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

125.    The relief sought by Finjan is barred under the doctrine of prosecution history estoppel.   Finjan is estopped, based on the amendments, arguments, statements, representations, admissions, or omissions during the prosecution of the patents applications or any related provisional or non-provisional applications, made with respect to the scope of the invention and asserted claims and disclosure of the prior art, and upon which the examiners at the United States Patent and Trademark Office relied in the allowance of the claims of the Finjan Asserted Patents (the '996 Patent, the '289 Patent, the '299 Patent, the '182 Patent, and the '154 Patent), from asserting any interpretation of any of the patent claims that would be broad enough to cover any of the alleged infringement by Symantec.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Patent Marking)**

126.    Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Government Sales)**

127.    To the extent any claim for damages for patent infringement arises from the use or manufacture by or for the United States, Finjan's remedies are limited under 28 U.S.C. § 1498(a).

**NINTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

128.    Finjan's claims for injunctive relief are barred because, among other things, any alleged injury to Finjan is not immediate or irreparable, and Finjan has an adequate remedy at law.

**TENTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages)**

129.    Finjan's recovery for alleged infringement of the Finjan Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unenforceability)

130.    The Finjan Asserted Patents are unenforceable and Finjan's claims against Symantec are barred, in whole or in part, by the doctrines of waiver, unclean hands, equitable estoppel, laches, and/or other equitable defenses.

### PRAYER FOR RELIEF

131.    Symantec denies that Finjan is entitled to the relief requested in its Prayer for Relief, including the relief set forth in paragraphs (A)-(G) of the Complaint, or to any other relief. Symantec asks that Finjan's Complaint be dismissed with prejudice, that judgment be entered for Symantec and that Symantec be awarded attorneys' fees incurred in defending against the Complaint, together with such other relief the Court deems appropriate.

# COUNTERCLAIMS

1.     Symantec incorporates herein by reference its responses and statements contained in all the preceding paragraphs of its Answer.   Symantec brings this action against Finjan pursuant to Rule 13 of the Federal Rules of Civil Procedure, for a declaratory judgment of invalidity and noninfringement of the Finjan Asserted Patents ("Counterclaims").   For its Counterclaims against Finjan, Symantec states, based upon personal knowledge as to all acts or events that they have undertaken or witnessed, and upon information and belief as to all others, as follows:

## PARTIES

2.     Symantec is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 350 Ellis Street, Mountain View, California 94043.

3.     Finjan alleges it is a Delaware corporation, with its principal place of business at 333 Middlefield Road, Suite 110, Menlo Park, CA 94025.

## JURISDICTION AND VENUE

4.     These Counterclaims are for a declaratory judgment of invalidity and noninfringement of the Finjan Asserted Patents.

5.     Based on Finjan's filing of this suit and Symantec's affirmative defenses, a true, actual, and justiciable controversy has arisen and now exists between Symantec and Finjan regarding the validity and alleged infringement of the Finjan Asserted Patents.   This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331, 1338, the Federal Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*), and the Patent Act of the United States, 35 U.S.C. § 101, *et seq.,* including, but not limited to, §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

6.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b) because, among other reasons, Finjan has brought its Complaint for patent infringement of the Finjan Asserted Patents in this Court.

# DECLARATORY JUDGMENT COUNTERCLAIMS

## FIRST DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '996 Patent

7.     Symantec hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

8.     Finjan asserts that it is the owner of all right, title and interest in and to the '996 Patent.

9.     On June 30, 2014 Finjan filed a Complaint alleging, *inter alia,* that Symantec is infringing the '996 Patent.

10.     Each asserted claim of the '996 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.,* including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103), or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions described and claims in the '996 Patent (Section 112).

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Symantec requests the Court's declaration that each claim of the '996 Patent is invalid.

12.     This is an exceptional case entitling Symantec to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '996 Patent

13.     Symantec hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

14.     Finjan asserts that the Symantec Accused Products and Services, including Symantec Endpoint Protection Manager have infringed or are infringing the '996 Patent. Symantec denies that claim because no Symantec Accused Product or Service, including Symantec Endpoint Protection Manager meets each and every limitation of any asserted claim of

the '996 Patent either literally or by application of the doctrine of equivalents.   Therefore, Symantec does not infringe directly or indirectly any asserted claim of the '996 Patent.

15.     Symantec also has not knowingly or actively aided and abetted the direct infringement of the '996 Patent because Symantec does not instruct or encourage its customers, users, or developers to use any Symantec Accused Product or Service, including Symantec Endpoint Protection Manager, in an infringing manner.   Symantec does not advertise and promote the use of any Symantec Accused Product or Service, including Symantec Endpoint Protection Manager, in an infringing manner and does not distribute guidelines and instructions to third parties on how to use any Symantec Accused Product or Service, including Symantec Endpoint Protection Manager, in an infringing manner.

16.     Symantec does not have the specific intent and is not willfully blind to induce infringement of the '996 Patent.

17.     Symantec has not infringed and is not now infringing any valid claim of the '996 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

18.     Symantec also does not willfully infringe the '996 Patent.

19.     A substantial, actual, and continuing controversy has arisen and now exists between Symantec and Finjan as to whether any of the Symantec Accused Product or Service, including Symantec Endpoint Protection Manager, infringe any valid claim of the '996 Patent.

20.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Symantec requests the Court's declaration that it does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the '996 patent.

21.     This is an exceptional case entitling Symantec to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### THIRD DECLARATORY JUDGMENT COUNTERCLAIM

#### Declaratory Judgment of Invalidity of the '289 Patent

22.     Symantec hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

1    23.    Finjan asserts that it is the owner of all right, title and interest in and to the '289

2 Patent.

3    24.    On June 30, 2014 Finjan filed a Complaint alleging, *inter alia,* that Symantec is

4 infringing the '289 Patent.

5    25.    Each asserted claim of the '289 Patent is invalid under the Patent Act, 35 U.S.C. §

6 101 *et seq.,* including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations,

7 and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii)

8 are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art

9 (Section 103), or (iv) are indefinite, fail to provide an adequate written description or fail to enable

10 one of skill in the art to make and use the alleged inventions described and claims in the '289

11 Patent (Section 112).

12    26.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,*

13 Symantec requests the Court's declaration that the '289 Patent is invalid.

14    27.    This is an exceptional case entitling Symantec to an award of its attorneys' fees

15 incurred in connection with this action pursuant to 35 U.S.C. § 285.

16              **FOURTH DECLARATORY JUDGMENT COUNTERCLAIM**

17              **Declaratory Judgment of Non-Infringement of the '289 Patent**

18    28.    Symantec hereby incorporates by reference the allegations in the preceding

19 paragraphs of these Counterclaims and Answer.

20    29.    Symantec has not infringed and is not now infringing any valid claim of the '289

21 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

22    30.    Finjan asserts that the Symantec Accused Products and Services including Disarm

23 have infringed or are infringing the '289 Patent.   Symantec denies that claim because no

24 Symantec Accused Product or Service, including Disarm, meets each and every limitation of any

25 asserted claim of the '289 Patent either literally or by application of the doctrine of equivalents.

26 Therefore, Symantec does not infringe directly or indirectly any asserted claim of the '289 Patent.

27    31.    Symantec also has not knowingly or actively aided and abetted the direct

28 infringement of the '289 Patent because Symantec does not instruct or encourage its customers,

users, or developers to use any Symantec Accused Product or Service, including Disarm, in an infringing manner. Symantec does not advertise and promote the use of any Symantec Accused Product or Service, including Disarm, in an infringing manner and does not distribute guidelines and instructions to third parties on how to use any Symantec Accused Product or Service, including Disarm, in an infringing manner.

32. Symantec does not have the specific intent and is not willfully blind to induce infringement of the '289 Patent.

33. Symantec has not infringed and is not now infringing any valid claim of the '289 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

34. Symantec also does not willfully infringe the '289 Patent.

35. A substantial, actual, and continuing controversy has arisen and now exists between Symantec and Finjan as to whether any of the Symantec Accused Product or Service, including Disarm, infringe any valid claim of the '289 Patent.

36. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Symantec requests the Court's declaration that it does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the '289 patent.

37. This is an exceptional case entitling Symantec to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### FIFTH DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '299 Patent

38. Symantec hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

39. Finjan asserts that it is the owner of all right, title and interest in and to the '299 Patent.

40. On June 30, 2014 Finjan filed a Complaint alleging, *inter alia,* that Symantec is infringing the '299 Patent.

41.     Each asserted claim of the '299 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.,* including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103), or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions described and claims in the '299 Patent (Section 112).

42.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Symantec requests the Court's declaration that the '299 Patent is invalid.

43.     This is an exceptional case entitling Symantec to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SIXTH DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '299 Patent

44.     Symantec hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

45.     Symantec has not infringed and is not now infringing any valid claim of the '299 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

46.     Finjan asserts that the Symantec Accused Products and Services including Norton Safe Web have infringed or are infringing the '299 Patent.   Symantec denies that claim because no Symantec Accused Product or Service, including Norton Safe Web, meets each and every limitation of any asserted claim of the '299 Patent either literally or by application of the doctrine of equivalents.   Therefore, Symantec does not infringe directly or indirectly any asserted claim of the '299 Patent.

47.     Symantec also has not knowingly or actively aided and abetted the direct infringement of the '299 Patent because Symantec does not instruct or encourage its customers, users, or developers to use any Symantec Accused Product or Service, including Norton Safe Web, in an infringing manner.   Symantec does not advertise and promote the use of any Symantec Accused Product or Service, including Norton Safe Web, in an infringing manner and

1  does not distribute guidelines and instructions to third parties on how to use any Symantec

2  Accused Product or Service, including Symantec Norton Safe Web, in an infringing manner.

3       48.     Symantec does not have the specific intent and is not willfully blind to induce

4  infringement of the '299 Patent.

5       49.     Symantec has not infringed and is not now infringing any valid claim of the '299

6  Patent, either directly, contributorily, or through inducement, literally or by equivalents.

7       50.     Symantec also does not willfully infringe the '299 Patent.

8       51.     A substantial, actual, and continuing controversy has arisen and now exists between

9  Symantec and Finjan as to whether any of the Symantec Accused Product or Service, including

10  Norton Safe Web, infringe any valid claim of the '299 Patent.

11      52.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,

12  Symantec requests the Court's declaration that it does not infringe and has not infringed, either

13  directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the

14  '299 patent.

15      53.     This is an exceptional case entitling Symantec to an award of its attorneys' fees

16  incurred in connection with this action pursuant to 35 U.S.C. § 285.

17                    **SEVENTH DECLARATORY JUDGMENT COUNTERCLAIM**

18                    **Declaratory Judgment of Invalidity of the '182 Patent**

19      54.     Symantec hereby incorporates by reference the allegations in the preceding

20  paragraphs of these Counterclaims and Answer.

21      55.     Finjan asserts that it is the owner of all right, title and interest in and to the '182

22  Patent.

23      56.     On June 30, 2014 Finjan filed a Complaint alleging, *inter alia,* that Symantec is

24  infringing the '182 Patent.

25      57.     Each asserted claim of the '182 Patent is invalid under the Patent Act, 35 U.S.C. §

26  101 *et seq.,* including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations,

27  and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii)

28  are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art

(Section 103), or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions described and claims in the '182 Patent (Section 112).

58.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Symantec requests the Court's declaration that the '182 Patent is invalid.

59.     This is an exceptional case entitling Symantec to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## EIGHTH DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '182 Patent

60.     Symantec hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

61.     Symantec has not infringed and is not now infringing any valid claim of the '182 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

62.     Finjan asserts that the Symantec Accused Products and Services including Norton Safe Web have infringed or are infringing the '182 Patent.   Symantec denies that claim because no Symantec Accused Product or Service, including Norton Safe Web, meets each and every limitation of any asserted claim of the '182 Patent either literally or by application of the doctrine of equivalents.   Therefore, Symantec does not infringe directly or indirectly any asserted claim of the '182 Patent.

63.     Symantec does not induce or contribute to the infringement of the '182 Patent by others because the Symantec Accused Products and Services, including Norton Safe Web, are not a material component of a patented machine or apparatus for use in practicing the claims of the '182 Patent by Symantec's customers, users, and developers.   In addition, the Symantec Accused Products and Services, including Norton Safe Web are not especially designed, made, or adapted for use in an infringement of the '182 Patent.   Each of the Symantec Accused Products and Services, including Norton Safe Web, has substantial non-infringing uses.

64. Symantec is not willfully blind to contributing to the infringement of the '182 Patent by others, either literally or under the doctrine of equivalents, including customers, users, and developers.

65. Symantec also does not willfully infringe the '182 Patent.

66. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Symantec requests the Court's declaration that it does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the '182 patent.

67. This is an exceptional case entitling Symantec to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## NINTH DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '154 Patent

68. Symantec hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

69. Finjan asserts that it is the owner of all right, title and interest in and to the '154 Patent.

70. On June 30, 2014 Finjan filed a Complaint alleging, *inter alia,* that Symantec is infringing the '154 Patent.

71. Each asserted claim of the '154 Patent is invalid under the Patent Act, 35 U.S.C. § 101 *et seq.,* including, but not limited to, §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto because the claims (i) lack patentable subject matter (Section 101), (ii) are not new or novel in light of the prior art (Sections 102), (iii) are obvious in light of the prior art (Section 103), or (iv) are indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions described and claims in the '154 Patent (Section 112).

72. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Symantec requests the Court's declaration that the '154 Patent is invalid.

73.     This is an exceptional case entitling Symantec to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## TENTH DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the '154 Patent

74.     Symantec hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

75.     Symantec has not infringed and is not now infringing any valid claim of the '154 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

76.     Finjan asserts that the Symantec Accused Products and Services including SONAR with Insight have infringed or are infringing the '154 Patent.   Symantec denies that claim because no Symantec Accused Product or Service, including SONAR with Insight, meets each and every limitation of any asserted claim of the '154 Patent either literally or by application of the doctrine of equivalents.   Therefore, Symantec does not infringe directly or indirectly any asserted claim of the '154 Patent.

77.     Symantec has not infringed and is not now infringing any valid claim of the '154 Patent, either directly, contributorily, or through inducement, literally or by equivalents.

78.     A substantial, actual, and continuing controversy has arisen and now exists between Symantec and Finjan as to whether any of the Symantec Accused Product or Service, including SONAR with Insight, infringe any valid claim of the '154 Patent.

79.     Symantec also does not willfully infringe the '154 Patent.

80.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Symantec requests the Court's declaration that it does not infringe and has not infringed, either directly, contributorily, or through inducement, literally or by equivalents, any valid claim of the '154 Patent.

81.     This is an exceptional case entitling Symantec to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Symantec asks the Court to enter judgment and provide relief as follows:

(a)     That Finjan's Complaint be dismissed with prejudice;

(b)     That Finjan take nothing by reason of its Complaint;

(c)     That the Finjan Asserted Patents and all of their claims be adjudged invalid;

(d)     That the Finjan Asserted Patents and all of their claims be adjudged not infringed by Symantec;

(e)     That this case, including Finjan's prosecution of its claims, be declared exceptional and Symantec be awarded its costs, expenses, and reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

(f)     That Symantec be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

DATED: August 21, 2014

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/Sean Pak
    Sean Pak

Attorneys for Symantec Corporation
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Alexander Rudis (*pro hac vice*)
alexanderrudis@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Symantec demands a jury trial on all issues so triable.

Respectfully submitted,

DATED: August 21, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/Sean Pak
   Sean Pak

Attorneys for Symantec Corporation
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Alexander Rudis (*pro hac vice*)
alexanderrudis@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100