PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

Attorneys for Plaintiff
FINJAN, INC.

SEAN PAK (Bar No. 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendant
SYMANTEC CORP.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FINJAN, INC., a Delaware Corporation,

Plaintiff,

v.

SYMANTEC CORP., a Delaware Corporation,

Defendant.

Case No.: 14-CV-02998-RS

**STIPULATED SCHEDULING ORDER**

## I. The Parties' Stipulated Case Schedule

The parties stipulate to the following schedule for this action:

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline |
|---|---|---|
| Disclosure of Asserted Claims and Infringement Contentions; Document Production Accompanying Disclosure | Pat. L.R. 3-1, 3-2<br><br>Not later than 14 days after the Initial Case Management Conference (plus 14 days per parties' agreement) | December 4, 2014 |
| Invalidity Contentions; Document Production Accompanying Invalidity Contentions | Pat. L.R. 3-3, 3-4<br><br>Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" (plus 14 days per parties' agreement) | January 30, 2015 |
| Last day to join parties or amend the pleadings without leave of Court | | January 16, 2015[1] |
| Exchange of Proposed Terms for Construction | Pat. L.R. 4-1<br><br>Not later than 14 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3 (changed to 7 days per parties' agreement) | February 6, 2015 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | Pat. L.R. 4-2<br><br>Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1 (changed to 14 days per parties' agreement) | February 20, 2015 |

[1] The parties agree that they may amend the pleadings upon a showing of good cause after this deadline has passed.

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline |
|---|---|---|
| Joint Claim Construction and Prehearing Statement. | Pat. L.R. 4-3<br><br>Not later than 60 days after service of the "Invalidity Contentions" (changed to 45 days per parties' agreement) | March 16, 2015 |
| Completion of Claim Construction Discovery (including depositions of experts who submitted declarations in support of claim construction positions) | Pat. L.R. 4-4<br><br>Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement (changed to 25 days per parties' agreement) | April 10, 2015 |
| Claim Construction Briefs – opening brief | Pat. L.R. 4-5(a)<br><br>Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement (changed to 35 days per parties' agreement) | April 20, 2015 |
| Claim Construction Briefs – responsive brief | Pat. L.R. 4-5(b)<br><br>Not later than 14 days after service of an opening brief | May 4, 2015 |
| Claim Construction Briefs – reply brief | Pat. L.R. 4-5(c)<br><br>Not later than 7 days after service of a responsive brief | May 11, 2015 |
| Claim Construction Hearing (including technology tutorial). | Pat. L.R. 4-6<br><br>Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c) | Friday, May 29, 2015 at 10 AM |
| Preliminary Election of Asserted Claims | *See* Section II below | No later than 21 days after Claim Construction order |

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline |
|---|---|---|
| Preliminary Election of Asserted Prior Art | *See* Section II below | Not later than 14 days after service of a Preliminary Election of Asserted Claims |
| Second Election of Asserted Claims | *See* Section II below | Not later than 30 days before opening expert reports are due |
| Second Election of Asserted Prior Art | *See* Section II below | Not later than 14 days after service of a Second Election of Asserted Claims |

## II. Limits On Asserted Claims and Prior Art References

To streamline the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1, the parties stipulate to the following phased limits on asserted claims and prior art references to supplement all other discovery rules and orders:

Not later than 21 days after the Court issues its Claim Construction Order, Finjan shall serve a Preliminary Election of Asserted Claims, which shall identify no more than 40 claims from the previously identified claims. Not later than 14 days after service of a Preliminary Election of Asserted Claims, Symantec shall serve a Preliminary Election of Asserted Prior Art, which shall identify no more than 40 references from among the prior art references previously identified.

Not later than 30 days before opening expert reports are due[2], Finjan shall serve a Second Election of Asserted Claims, which shall identify no more than 24 claims from the previously identified claims. Not later than 14 days after service of a Second Election of Asserted Claims,

[2] However, if this deadline falls before the close of fact discovery, the parties shall meet and confer to modify the deadline to a date that falls after the close of fact discovery, and to ensure that Symantec's subsequent Second Election of Asserted Prior Art falls before opening expert reports are due.

Symantec shall serve a Second Election of Asserted Prior Art, which shall identify no more than 24 references from among the prior art references previously identified.

When identifying prior art references for each patent, Symantec shall also set forth the grounds for invalidity. Symantec will identify anticipatory references and obviousness combinations per patent. Symantec may assert that a given reference is anticipatory or in the alternative an obviousness reference for a patent, so long as it states the grounds. A prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference.

Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify the above limits on asserted claims and prior art references for good cause shown. Any request to increase these limits must specifically show why the inclusion of additional asserted claims or prior art references is warranted. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1202, 1312-13 (Fed. Cir. 2011). A failure to seek such a modification will constitute acquiescence to the above limits on asserted claims and prior art references.

The parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.

///

///

///

Respectfully submitted,

Dated: December 10, 2014

By: */s/ Paul J. Andre*
Paul J. Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
James Hannah (SBN 237987)
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

Respectfully submitted,

DATED: December 10, 2014

By: */s/ Sean Pak*
Sean Pak (SBN 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant*
SYMANTEC CORP.

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By: */s/ Paul J. Andre*
Paul J. Andre

The above STIPULATED SCHEDULING ORDER is approved for this case and the parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: December 12, 2014

UNITED STATES DISTRICT JUDGE
THE HONORABLE RICHARD SEEBORG