QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Alexander Rudis (*pro hac vice*)
alexanderrudis@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for Symantec Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SYMANTEC CORP., <br><br> Defendant. | CASE NO. 3:14-cv-02998-HSG (JSC) <br><br> **DEFENDANT SYMANTEC CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING IPR PROCEEDINGS** <br><br> Date:  October 1, 2015 <br> Time: 2 p.m. <br> Courtroom F. 15th Floor <br> Honorable Haywood Gilliam |

SYMANTEC'S MOTION TO STAY
Case No. 3:14-CV-02998-HSG

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 1, 2015 at 2:00 p.m. or as soon thereafter as the matter may be heard in Courtroom 15 of United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA, 94102 before the Honorable Haywood S. Gilliam, Jr., Defendant and Symantec Corporation ("Symantec") will, and hereby does, move this Court to stay all proceedings in this action during the pendency of Symantec's petitions for *inter partes* review before the Patent Trial and Appeal Board.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any evidence and argument presented at the hearing.

# STATEMENT OF RELIEF SOUGHT

Symantec asks the Court for a stay of this litigation pending the resolution of petitions for *inter partes* review filed for the patents asserted by Finjan against Symantec in this case.

## INTRODUCTION

Courts in this district have routinely found that staying a case until the United States Patent and Trademark Office's ("USPTO") Patent Trial and Appeal Board ("PTAB") completes its *inter partes* review ("IPR") of patents asserted in a litigation simplifies the case and is the most efficient way to resolve the parties' dispute. When deciding a motion to stay, Courts consider whether (1) discovery is complete and a trial date has been set, (2) the IPR will reduce the disputed issues in the litigation, and (3) a stay will prejudice or disadvantage the plaintiff. By the time this motion is heard, Symantec will have filed IPR petitions for all eight patents asserted in this case. Discovery in this case has just begun and no trial date has been set. Because all the asserted patents may be invalidated by the PTAB, staying this case until the IPRs are complete will simplify, if not resolve this litigation. Finjan will not be prejudiced or disadvantaged by a stay. As a non-practicing entity, Finjan is not suffering any competitive injury. Finjan has an extensive licensing campaign for its patented technology, so it is not trying to maintain a competitive position in the market for its products. To the contrary, Finjan will license its patents to willing licensees or will attempt to force other companies to license its patents through litigation. Therefore, any purported harm to Finjan by staying this case can be addressed with money damages (if ever appropriate). On balance, the benefits of staying this litigation until the IPR process is complete outweighs any need of allowing the litigation to proceed. Symantec therefore asks the Court to stay this case.

## FACTUAL BACKGROUND

### A. Procedural Summary

Finjan filed its initial Complaint on June 30, 2014, alleging infringement of the '289 Patent, the '996 Patent, the '299 Patent, the '182 Patent, and the '154 Patent. Dkt. 1. On September 11, 2014, Finjan filed an Amended Complaint, alleging infringement of the following additional patents: the '844 Patent, the '926 Patent, and the '494 Patent. Dkt. 30. Pursuant to Patent L.R. 3-1 and 3-2, Finjan served its Disclosure of Asserted Claims and Infringement Contentions on December 4, 2014, and pursuant to Patent L.R. 3-3, Symantec served its Invalidity Contentions on January 30, 2015. Finjan supplemented its infringement contentions on April 23, 2015 and Symantec amended its Invalidity Contentions on June 8, 2015. Symantec filed a motion

to strike Finjan's supplemental infringement contentions and that motion is pending.  Dkt. 79.  This Court held a technology tutorial on June 17, 2015, and a claim construction hearing on June 29, 2015.  The parties' claim construction positions are under consideration by this Court.

Pursuant to the Scheduling Order entered on December 12, 2014, Finjan must narrow the number of asserted claims 21 days after the Court enters its claim construction order, and Symantec must narrow its prior art references 14 days thereafter.  Dkt. 56.  Then, 30 days before expert reports are due, Finjan must further narrow its asserted claims and Symantec will narrow its prior art 14 days thereafter.  Fact discovery is ongoing, and the Court has not set any other deadlines.  Dkt. 56.

### B. Symantec's IPR Petitions

On July 3, 2015, Symantec filed IPR petitions for all asserted claims of the patents asserted in Plaintiff Finjan, Inc. ("Finjan")'s original Complaint, U.S. Patents Nos. 7,757,289 (the "'289 Patent"), 7,756,996 (the "'996 Patent"), 7,930,299 (the "'299 Patent"), 8,015,182 (the "'182 Patent"), and 8,141,154 (the "'154 Patent").  Cassidy Decl. Ex. 1-5.  In addition, by September 11, 2013 (before this Motion is heard), Symantec expects to file IPR petitions for the patents Finjan added to its Amended Complaint, U.S. Patents Nos. 6,154,844 (the "'844 Patent"), 7,613,926 (the "'926 Patent"), and 8,677,494 (the "'494 Patent").  *Id*. at ¶ 4.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

## II. LEGAL STANDARD

"[D]istrict courts 'have the inherent power to manage their dockets and stay proceedings.'"  *Automated Merch. Sys., Inc. v. Crane Co.*, 357 Fed. Appx. 297, 303 (Fed. Cir. 2009)  "[J]udicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of the relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR."  *Delphix Corp. v. Actifio, Inc.*, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014).

"Courts in this District examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: '(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear

3

tactical disadvantage to the nonmoving party.'" *PersonalWeb Technologies, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014). Moreover, "some courts in this district have recognized 'a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings.'" *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, 2015 WL 1967878, *2 (N.D. Cal. May 1, 2015) (citing *Pragmatus AV, LLC v. Facebook, Inc.,* No. 11–cv–02168–EJD, 2011 WL 4802958, at *2 (N.D.Cal. Oct. 11, 2011)).

## III.      ARGUMENT

### A.      Discovery Is Not Yet Complete And No Trial Date Has Been Set.

When deciding whether to stay a case, Courts evaluate the stage of the litigation and how much time and resources the Court and the parties have been invested in the case. Thus, the first factor Courts consider is "'whether discovery is complete and whether a trial date has been set.'" *DSS Tech. Mgmt.,* 2015 WL 1967878 at *2 (quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13–cv–04202–SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014)). Neither is true in this case.

Even though this case has been pending for just over a year, the litigation is still in its early stages. For example, the sufficiency of Finjan's infringement contentions is still in dispute and therefore the scope of discovery is still unknown. *See* Dkt. 79, 85. Even though discovery has started, it is far from complete. Indeed, as Finjan reported only weeks ago, "fact discovery [in this case] has *just begun*." Cassidy Decl. Ex. 6 (6/5/15 email from J. Hannah) (emphasis added).

The Court has not yet set a date for the close of fact discovery, neither party has conducted any expert discovery, and no trial date has been set. Dkt. 56 (scheduling order showing no trial date set); Cassidy Decl. ¶ 6 (no depositions have occurred). Several Courts have determined that such circumstances weigh in favor of a stay. *Cypress Semiconductor Corp. v. LG Elecs., Inc.,* No. 13–cv–04034–SBA, 2014 WL 5477795, at *2 (N.D.Cal. Oct. 29, 2014) (There has been no dispositive motion practice, the claims have not been construed, and no deadlines for completing discovery, motion practice or trial have been set"); *PersonalWeb Techs., LLC v. Facebook, Inc.,* No. 13–cv–01356–EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) ("[A] claim construction order has been issued and the close of fact discovery is fast approaching" but "a

4

SYMANTEC'S MOTON TO STAY
Case No. 3:14-CV-02998-HSG

substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead"); *AT & T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011).

For example, this Court in *DSS Tech. Mgmt.* granted Defendant's motion to stay when the case had been pending for sixteen months, the close of fact discovery was six months away, just one deposition had been taken, neither party had conducted expert discovery, and this Court had not yet issued a claim construction order.  2015 WL 1967878 at *2.  As these cases demonstrate, even though the Court held a claim construction hearing in this case, that does not tip the balance against granting a stay.  Rather, the most important consideration is that "significant work remains to be done."  *Id.*  That is true here, therefore this factor weighs in favor of a stay.

### B.   Resolution Of Symantec's Petitions May Dispose Of Or Substantially Simplify The Issues Before This Court.

The second consideration is whether "a stay could simplify the litigation."  *DSS Tech. Mgmt.*, 2015 WL 1967878 at *3.  "The standard is simplification of the district court case, not complete elimination of it by the PTAB."  *Id.*; *LELO, Inc. v. Standard Innovation (US) Corp.,* No. 13–cv–01393–JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014).

As an initial matter, an order staying this case immediately until the PTAB decides whether to institute review on Symantec's petitions is appropriate.  That way the parties and the Court may conserve their resources for the short period of time while waiting for the PTAB's decision on the IPR petitions.  *See DSS Tech. Mgmt.,* 2015 WL 1967878 at *4 (*citing PersonalWeb Techs.,* 2014 WL 116340, at *4 (finding that four-month delay before PTO's institution decision would issue was "relatively short" and did not outweigh anticipated simplification of issues); *Delphix,* 2014 WL 6068407, at *2 ("At a minimum, instituting a brief, limited stay of approximately five months to see whether and how the PTAB will act on Defendant's IPR petitions will conserve judicial resources and avoid inconsistent results.")); *Sec. People, Inc. v. Ojmar US, LLC*, No. 14-CV-04968-HSG, 2015 WL 3453780, at *4 (N.D. Cal. May 29, 2015) (finding that potential simplification of issues weighs in favor of stay prior to PTAB institution decision); *DSS Tech. Mgmt.,* 2015 WL 1967878, at *3 (same); *Pragmatus AV*, 2011

5

SYMANTEC'S MOTON TO STAY
Case No. 3:14-CV-02998-HSG

WL 4802958 at *3 (noting that "it is not uncommon for this court to grant stays pending reexamination prior to the PTO deciding to reexamine the patent"); *Ho Keung Tse v. Apple Inc.*, C 06–06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct 4, 2007) (noting that "a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request").

If the PTAB does institute review, and some of Finjan's patent claims survive that process, then the PTAB decision would narrow the issues for the Court. As explained in *Evolutionary Intelligence*, 2014 WL 261837 at *2, "even if all of the asserted claims survive *inter partes* review, the case could still be simplified because [the defendant] would be bound by the estoppel provisions for *inter partes* review and thus could not raise before this court any arguments that it raised or reasonably could have raised at the PTO in its petition".

The third and most likely possibility is that the PTAB will find all asserted claims in this case invalid. That decision will resolve this entire case. Consequently, staying this case until after the IPR is complete would likely relieve the Court and the parties of the burden of litigating invalid claims.

Indeed, by the time the Court hears this Motion, every asserted claim for all eight patents will be the subject of an IPR petition. Therefore, "[s]taying the case pending the outcome of IPR could simplify the case by rendering some or all of Plaintiff's infringement claims moot, estopping Defendant from asserting any arguments it raised or reasonably could have raised in the IPR, and providing the Court with PTAB's expert opinion on the claims at issue." *DSS Tech Mgmt.*, 2015 WL 1967878 at *3. For those reasons, this factor also weighs in favor of a stay.

## C. A Stay Will Not Unduly Prejudice Finjan.

The third issue courts consider on a motion to stay is whether the non-moving party would be prejudiced. Finjan is a non-practicing entity whose business is the enforcement of patents. Dkt 30 at ¶ 8 (describing Finjan as "a technology company applying its research, development, knowledge and experience with security technologies to working with inventors, investing in and/or acquiring other technology companies, investing in a variety of research organizations, and evaluating strategic partnerships with large companies."; Cassidy Decl. Ex. 7 (Finjan 10-K for

6
SYMANTEC'S MOTON TO STAY
Case No. 3:14-CV-02998-HSG

year ended 12/31/14, dated 3/11/15) (Finjan's sole source of revenue is from patent licensing and settlements).  Consequently, Finjan "does not risk irreparable harm by [Symantec's] continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief." *DSS Tech Mgmt.*, 2015 WL 1967878 at *4 (citing *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013)).

The only arguable prejudice is delay of the enforcement of Finjan's patent rights.  This Court has already considered and rejected that argument.  *DSS*, 2015 WL 1967878 at *4.  In *DSS,* the plaintiff argued that it had "a strong interest in the timely enforcement of its patent rights." *Id.* "The Court is not persuaded:  the plaintiff in every patent infringement action asserts such an interest." *Id.*

Numerous Courts in this district have reached a similar conclusion.  *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447, at *5 (N.D. Cal. July 3, 2014)("[a] delay inherent in the reexamination process does not constitute undue prejudice.").  *Software Rights Archive*, 2013 WL 5225522 at *5 ("Delay alone, without specific examples of prejudice resulting therefrom, is insufficient to establish undue prejudice."); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. 12-CV-00021-JST JPRX, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012) ("Courts have held that 'the mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a] request for a stay.'") (quoting *Tierravision, Inc. v. Google, Inc*, No. 11-cv-2170, 2012 WL 559993, at *3 (S.D. Cal. Feb. 21, 2012)).

This factor also weighs in favor of a stay.

**IV.   CONCLUSION**

The three factors outlined above weigh in favor of a stay.  Staying this case will ensure that this litigation is resolved as efficiently as possible.  Symantec respectfully asks the Court to immediately stay this litigation pending the PTAB's resolution of Symantec's IPR petitions.

| | |
|---|---|
| DATED:  August 20, 2015 | Respectfully submitted,<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>By  */s/ Kate E. Cassidy*<br>     Kate E. Cassidy<br><br>Alexander Rudis (*pro hac vice*)<br>alexanderrudis@quinnemanuel.com<br>Kate Cassidy (*pro hac vice*)<br>katecassidy@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean Pak (Bar No. 219032)<br>seanpak@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California  94111-4788<br>Telephone:     (415) 875-6600<br>Facsimile:      (415) 875-6700<br><br>David A. Nelson (*pro hac vice)*<br>davenelson@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>500 West Madison Street, Suite 2450<br>Chicago, IL 60661<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401 |