UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,
   Plaintiff,

v.

SYMANTEC CORP.,
   Defendant.

Case No. 14-cv-02998-HSG

**ORDER GRANTING MOTION TO STAY**

Re: Dkt. No. 108

On August 20, 2015, Defendant Symantec Corp. filed a motion to stay the case pending completion of *inter partes* review ("IPR") proceedings. Dkt. 108 ("Mot."). The Court has carefully considered the parties' arguments, both in their submissions to the Court and during the hearing on October 1, 2015. For the reasons discussed below, the Court **GRANTS** Symantec's Motion to Stay.

## I. BACKGROUND

### A. The America Invents Act

By enacting the Leahy-Smith America Invents Act ("AIA"), Congress sought to "establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs" and "to create a timely, cost-effective alternative to litigation." 77 Fed. Reg. 48,680-01 (Aug. 14, 2014) (to be codified at 37 C.F.R. § 42.100 *et seq*). To that end, AIA created the IPR procedure, by which the Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board ("PTAB") may review the patentability of one or more claims in a patent. *See* 35 U.S.C. §§ 311-319. IPR replaces the previous *inter partes* reexamination procedure and converts the process from an examinational to an adjudicative one. *See Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013).

IPR allows any party other than the patent owner to challenge patent validity under 35

1  U.S.C. § 102 or § 103 "on the basis of prior art consisting of patents or printed publications." 35
2  U.S.C. § 311(a)-(b). The petitioning party must establish "a reasonable likelihood that the
3  petitioner would prevail with respect to at least [one] of the claims challenged in the petition" in
4  order for the PTO to institute IPR. 35 U.S.C. § 314(a). If the PTO decides to institute IPR, the
5  proceeding is conducted before a panel of three technically-trained Administrative Patent Judges
6  of the PTAB. *See* 35 U.S.C. §§ 6(a)-(c), 316. Following a final determination, the petitioning
7  party is estopped from asserting invalidity during a later civil action "on any ground that the
8  petitioner raised or reasonably could have raised during" the IPR. 35 U.S.C. § 315(e)(2).

### B. This Litigation

Plaintiff Finjan, Inc. filed its complaint against Symantec on June 30, 2014, alleging infringement of five U.S. Patents: U.S. Patents Nos. 7,757,289 (the "'289 Patent"), 7,756,996 (the "'996 Patent"), 7,930,299 (the "'299 Patent"), 8,015,182 (the "'182 Patent"), and 8,141,154 (the "'154 Patent"). *See* Dkt. No. 1. On September 11, 2014, Finjan filed a First Amended Complaint that alleged infringement of three additional U.S. Patents: U.S. Patent Nos. 6,154,844 (the "'844 Patent"); U.S. Patent No. 7,613,926 (the "'926 Patent"); and U.S. Patent No. 8,677,494 (the "'494 Patent"). *See* Dkt. No. 30.

The parties completed claim construction briefing in the Spring of 2015 and the Court held a claims construction hearing on June 29, 2015. The Court has not yet issued a claim construction order. While the parties have engaged in some written discovery and document production, no depositions have been taken and no deadlines associated with expert discovery, summary judgment, pre-trial motions, and trial have been set.

On July 3, 2015, Symantec filed IPR petitions for all asserted claims of the patents asserted in Finjan's original Complaint. On September 10, 2015, Symantec filed IPR petitions for all asserted claims of the patents asserted for the first time in Finjan's First Amended Complaint. The parties estimate that the PTO's decision concerning whether to institute proceedings as to the first five IPR petitions will be issued in the next several months; the decision concerning whether to institute proceedings as to the last three petitions will be issued several months after that.

## II. DISCUSSION

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). While courts are "under no obligation to stay proceedings pending parallel litigation in the PTAB, . . . judicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of the relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR." *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014). Indeed, some courts in this district have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011).

Courts consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014). The moving party bears the burden of demonstrating that a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13-cv-05889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).

### A. Stage of the Litigation

The first factor the Court considers is whether the litigation has progressed significantly enough for a stay to be disfavored. *See AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011). Specifically, courts have considered (1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date. *See PersonalWeb Technologies, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (collecting cases). "A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." *Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at

3

*2 (N.D. Cal. Oct. 4, 2007).

This case has progressed further than the Court would prefer to see at the time it considers a motion to stay pending IPR: the parties have already submitted their claims construction briefs and the Court has held a claims construction hearing. However, substantial work still remains for this case to be ready for trial. Not a single deposition has been taken to date and both parties contemplate additional document production. The Court has not issued its claim construction order or set any deadlines associated with expert discovery, summary judgment, pre-trial motions, and trial. The undersigned agrees with the numerous other decisions that have found this factor to weigh in favor of a stay under similar facts. *See Cypress Semiconductor Corp. v. LG Elecs., Inc.*, No. 13-cv-04034-SBA, 2014 WL 5477795, at *2 (N.D. Cal. Oct. 29, 2014) (finding that this factor weighs in favor of a stay where claim construction briefing was complete but "[t]here has been no dispositive motion practice, the claims have not been construed, and no deadlines for completing discovery, motion practice or trial have been set"); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-cv-01356-EJD, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) (finding that this factor weighs in favor of a stay where "a claim construction order has been issued and the close of fact discovery is fast approaching" but "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead").

Finjan also argues that this factor should weigh against a stay because Symantec participated in gamesmanship by filing its IPR petitions on the last day of the statutory window. Dkt. No. 111 ("Opp.") at 6-7. As an initial matter, the Court observes that the stage of the litigation does not change depending on why Symantec filed its motion to stay on August 20, 2015. More important, and as counsel for Symantec explained during the hearing, a defendant has an incentive to exhaust every avenue of inquiry before petitioning for IPR, as it may later be estopped from raising any issues it could have raised during that proceeding. *See* 35 U.S.C. § 315(e)(2) (the petitioning party is estopped from asserting invalidity during a later civil action "on any ground that the petitioner raised or reasonably could have raised during [IPR]"). Accordingly, the Court declines to condition a stay on Symantec seeking IPR earlier than the end of its statutory deadline, or to read a dilatory motive into the timely exercise of its statutory rights. *See Software*

4

*Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-03970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) ("Although defendants did wait nearly a year to file the IPR petitions, they properly filed the petitions within the statutory time frame, and the delay was not unreasonable under the facts here."); *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13-cv-00457-JST, 2014 WL 1350813, at * 4 (N.D. Cal. Apr. 3, 2014) ("Delay alone [within the statutory deadline] does not usually constitute undue prejudice because parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework.") (citations and internal quotations omitted); *Delphix*, 2014 WL 6068407, at *3 ("[W]hile the Court does not condone gamesmanship, it will not require a patent infringement defendant to file a petition for *inter partes* review significantly earlier than the time allowed by statute.").

Given the relatively early stage of this litigation and the substantial work necessary for the case to proceed through trial, the Court finds that this factor weighs slightly in favor of a stay.

**B.   Simplification of the Case**

Under the second factor, the court considers whether granting a stay could simplify the litigation. "The standard is simplification of the district court case, not complete elimination of it by the PTAB." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014). Granting a stay pending IPR is "particularly" likely to simplify the case "when a party has obtained PTO review of each of the asserted claims in the patents-in-suit." *Evolutionary Intelligence*, 2014 WL 261837, at *2.

Staying the case pending the outcome of IPR could simplify the case by rendering some or all of Finjan infringement claims moot, estopping Symantec from asserting any arguments it raised or reasonably could have raised in the IPR, and providing the Court with PTAB's expert opinion on the claims at issue. *See Evolutionary Intelligence*, 2014 WL 261837, at *2. Indeed, even if the PTO decides to institute review and affirms the validity of every asserted claim, the case would still be simplified because "such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO." *PersonalWeb Techs.*, 2014 WL 116340, at *4.

5

1        Finjan argues that because the PTO has not yet granted any of Symantec's IPR petitions,
2   its motion to stay is based on "pur[e] speculation." Dkt. No. 111 ("Opp.") at 8. But "it is not
3   uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to
4   reexamine the patent." *Pragmatus AV*, 2011 WL 4802958, at *3 (collecting cases). Furthermore,
5   either party may file a motion to lift the stay if any part of the petitions for IPR are denied by the
6   PTO—so "any concern that the motion[ ][is] premature is alleviated by the short time frame of the
7   initial stay and the Court's willingness to reevaluate the stay if *inter partes* review is not instituted
8   for all of the asserted claims." *Evolutionary Intelligence*, 2014 WL 261837, at *3.

9        Symantec has sought IPR of all eight patents at issue in this case. Accordingly, the
10  possibility that the PTO may institute review has the potential to streamline and even resolve this
11  action. Were the Court to deny the stay until a decision on institution is made, the parties and the
12  Court would expend significant resources on issues that could eventually be mooted by the IPR
13  decision. Accordingly, the Court finds that staying the case pending the PTO's decision whether
14  to institute IPR is the most efficient use of resources at this juncture. *See PersonalWeb Techs.*,
15  2014 WL 116340, at *4 (finding that four-month delay before PTO's institution decision would
16  issue was "relatively short" and did not outweigh anticipated simplification of issues); *Delphix*,
17  2014 WL 6068407, at *2 ("At a minimum, instituting a brief, limited stay of approximately five
18  months to see whether and how the PTAB will act on Defendant's IPR petitions will conserve
19  judicial resources and avoid inconsistent results.").

20       This factor weighs strongly in favor of a short stay pending the PTO's decision on whether
21  to institute IPR proceedings on the asserted patents.

22  **C.   Undue Prejudice**

23       The third factor for the Court to consider is whether Finjan will be unduly prejudiced by a
24  stay. Finjan asserts two forms of prejudice: (1) the inability to bring to market its mobile security
25  product and cyber risk consulting services; and (2) the inability to license its patents. The Court
26  will address each argument in turn.

27       First, Finjan claims that it currently offers customers a secure browser product that
28  competes with Symantec's products, as well as a cybersecurity consulting service, and that any

6

stay would "irreparably delegitimize Finjan's patents, business, . . . reputation and efforts to market and sell its new products and services." Opp. at 10; *see also Asetek*, 2014 WL 1350813, at *5 ("Courts recognize that, when the parties are direct competitors, the risk of prejudice is higher to the non-moving party than it would be otherwise.") (citations omitted). The Court does not find this argument persuasive. As an initial matter, the stay issued by the Court will be subject to reconsideration in a few months pending the PTO's decision on whether to institute IPR proceedings for the first five Finjan patents. The short length of the stay strongly militates against a finding of undue prejudice. The Court also finds relevant that this case was filed four years *after* Finjan first sued Symantec for patent infringement in federal district court in Delaware, and that many of the products Finjan asserts infringe were put on the market even before that lawsuit was filed.

In addition, courts in this district require "evidence to substantiate an argument that direct competition will result in prejudice to the non-moving party." *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-CV-02013-JST, 2014 WL 5021100, at *5 (N.D. Cal. Oct. 7, 2014) (collecting cases). In this case, Finjan has offered nothing but attorney argument to establish that, even assuming Finjan and Symantec are direct competitors, the stay would result in undue prejudice to Finjan's competitive position. Finjan does not make the representation that its mobile security product practices any of the inventions in the asserted patents, nor does it explain how its consulting services could be impacted by a stay of this lawsuit.[1] At the hearing on this motion, counsel for Finjan confessed that he had not checked to see if Finjan's mobile security product actually practices any of the patents at issue. Accordingly, there is no basis for the Court to find that a stay of this case—which involves specific patents that may or may not be practiced by any Finjan products—would prejudice Finjan's competitive position in the marketplace.

Second, the Court is not persuaded that Finjan's licensing activities will be harmed by the stay. Finjan provides no explanation as to why staying this matter would "unnecessarily and

---

[1] Because Finjan has offered no evidence that its mobile security product or consulting services will be prejudiced, the Court need not reach the question of whether Finjan could demonstrate prejudice under this factor based on a competitive injury to products which are offered by related, but legally distinct, companies.

irrevocably hinder Finjan's patent licensing discussions with other third parties[.]" Opp. at 11. Absent a showing that the parties are direct competitors and that the plaintiff's competitive position would be prejudiced by a stay, courts generally find that a plaintiff "does not risk irreparable harm by [the defendant's] continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief." *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-HSG, 2015 WL 1967878, at *4 (N.D. Cal. May 1, 2015) (quoting *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-03970-RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013)).

Because Finjan has not demonstrated that it will suffer undue prejudice from a stay, the Court finds that this factor weighs in favor of granting Symantec's motion.

\* \* \*

After weighing the three factors outlined above, the Court finds that a stay is warranted here and will "effectuate[ ] the intent of the AIA by allowing the agency with expertise to have the first crack at cancelling any claims that should not have issued in the patents-in-suit before costly litigation continues." *Software Rights Archive*, 2013 WL 5225522, at *6.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Symantec's motion to stay the case pending a decision by the PTO concerning whether to institute IPR of the claims asserted in Symantec's petitions. The parties shall file a joint status report within seven days of the issuance of the PTO's decisions on whether to institute IPR on the first five patents challenged by Symantec. The parties should briefly include their position on whether the decisions militate for or against continuing the stay until the PTO determines whether to institute proceedings against the final three patents challenged by Symantec. The Court will issue an order addressing further proceedings in the case after receiving the parties' joint status report.

**IT IS SO ORDERED.**

Dated: October 9, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge