UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SYMANTEC CORP.,<br><br>    Defendant. | Case No. 14-cv-02998-HSG<br><br>**ORDER GRANTING DEFENDANT SYMANTEC CORPORATION'S MOTION FOR ADDITIONAL CLAIM CONSTRUCTION**<br><br>Re: Dkt. No. 135 |

Pending before the Court is Defendant Symantec Corporation's motion for additional claim construction to address fundamental disputes regarding claim terms that have arisen since the June 29, 2015 *Markman* hearing. Dkt. No. 135. After careful consideration of the parties' arguments, the Court **GRANTS** Defendant's motion.[1]

I. **FACTS**

Plaintiff's amended complaint alleged infringement of several patents, including the three at issue in this motion: the '844 Patent, the '299 Patent, and the '182 Patent. *See* Dkt. No. 30, ¶¶ 48–67, 135–168 (amended complaint); Dkt. No. 135 (motion). Prior to the *Markman* hearing, the parties identified ten terms for claim construction briefing. *See* Dkt. No. 68 at 8-9. Pursuant to Court orders, the parties completed claim construction briefing in the spring of 2015, and the Court held a *Markman* hearing on June 29, 2015. Dkt. Nos. 56 (scheduling order), 78 (order continuing hearing) & 92 (minute entry for hearing). The Court has not yet issued a claim construction order.

On October 9, 2015, the Court stayed this litigation pending a decision by the Patent Trial and Appeal Board ("PTAB") regarding whether to institute *inter partes* review ("IPR") regarding

---

[1] This order cites the exhibits to the Briana Straka Declaration ("Straka Decl.") numerous times. These exhibits are available at Dkt. No. 135-2 to 135-15.

1   the patents asserted in this case. Dkt. No. 117.  On August 1, 2016, the Court lifted the stay and
2   issued a revised scheduling order. Dkt. No. 127.  Defendant's motion seeks an order allowing the
3   parties to submit additional claim construction briefing and scheduling another *Markman* hearing.
4   Dkt. No. 135.

## II.   LEGAL STANDARD

Claim construction is a matter of law for the Court to determine. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).  "When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).

The Patent Local Rules for the Northern District of California ("Patent Local Rules") establish deadlines and obligations for claim construction proceedings. *See* Patent L.R. 4-1 to 4-6. But the Court may modify these deadlines and obligations at any time for "good cause." *See* Patent L.R. 1-3; *see also UPEK, Inc. v. AuthenTec, Inc.*, No. 10-424-JF (PVT), 2010 WL 2889125, at *2 (N.D. Cal. July 22, 2010) ("Patent L.R. 4-1, *et seq.*, establishes a presumptive time line for a claim construction, and that time line may be modified upon a showing of good cause.") (citing Patent L.R. 1-3).

The Patent Local Rules require the parties to identify the ten most significant terms for construction. Patent L.R. 4-1(b).  However, "the selection of 10 terms to be identified by the litigants is a default rule.  As with all provisions of the local rules, adjustments to that number— upwards or downwards—may be warranted by the circumstances of a particular case." U.S. District Court, Northern District of California, *Patent Local Rules Advisory Subcommittee Report* 2 (2008).

## III.   DISCUSSION

The Court finds that there is good cause to allow for additional claim construction briefing and a *Markman* hearing.  The Court must resolve the fundamental disputes regarding the scope of the patent terms identified in Plaintiff's motion. *See O2 Micro*, 521 F.3d at 1362.

### A.   '844 Patent

Two fundamental disputes exist as to the proper construction of the claim limitation

2

1  "before a web server makes the Downloadable available to web clients" in the '844 Patent. First,
2  since the *Markman* hearing in this case, Plaintiff appears to have argued in other litigation
3  regarding this patent that "web clients" are limited to "end users." *See, e.g.*, *Finjan, Inc. v.*
4  *Sophos, Inc.*, No. 14-CV-01197-WHO, 2016 WL 2988834, at *22 (N.D. Cal. May 24, 2016)
5  (Orrick, J.) ("[Finjan] argues that the web clients in the accused products are the end users . . . .");
6  Straka Decl., Ex. 3 at 1-5 (Plaintiff's brief filed on May 20, 2016 in *Finjan, Inc. v. Proofpoint,*
7  *Inc.*, No. 3:13-cv-5808-HSG (hereinafter, "*Finjan v. Proofpoint*")) (arguing that the plain and
8  ordinary meaning of "web client" is the "end user's computer"); Straka Decl., Ex. 4 at 10
9  (Plaintiff's brief filed on March 31, 2016 in *Finjan v. Proofpoint*) ("The only logical
10 interpretation, which is fully supported with the documentary and testimony evidence, is that the
11 end user is the web client . . . ."). [2] In contrast, Defendant contends, based on the patent's
12 language, that "web client" means "any application program that accesses web page data on a web
13 server . . . regardless of whether that program is an end user system or running on a server." *See*
14 Dkt. No. 135 at 4-5.
15      Second, since the *Markman* hearing in this case, Plaintiff appears to have represented in
16 other litigation regarding this patent that the claim limitation "before a web server makes the
17 Downloadable available to web clients" can be met even where the claim inspector links the
18 Downloadable *after* web clients are able to access the Downloadable. *See* Straka Decl., Ex. 4 at
19 10 (Plaintiff's brief filed on March 31, 2016 in *Finjan v. Proofpoint*) (stating that the accused
20 product "receives web content . . . from a web server, inspects the content, [and] generates a
21 security profile," which is only then "linked to the analyzed content"). In contrast, Defendant
22 argues that the plain language of the claim, the specification, and the prosecution history
23 demonstrate that linking must occur *before* web clients can access the Downloadable. *See* Dkt.
24 No. 135 at 5-9.

---

[2] In the *Proofpoint* case, this Court found that additional claim construction was required before trial to construe the term "before a web server makes the Downloadable available to web clients." *See* Straka Decl., Ex. 1 at 1-2 (Court's order issued on May 16, 2016 in *Finjan v. Proofpoint*).

**B.     '182 and '299 Patents**

A fundamental dispute exist as to the proper construction of the "dynamically updating" phrases from the '182 and '299 Patents. The parties already submitted for construction the "dynamically updating" phrases from these patents. *See* Dkt. No. 72 at 20; Dkt. No. 74 at 21. Defendant put forward proposed constructions for the disputed "dynamically updating" terms in each patent, while Plaintiff argued for the plain and ordinary meanings of the terms. *See* Dkt. No. 72 at 20; Dkt. No. 74 at 21. During the subsequent IPR proceedings, Plaintiff arguably represented that the prior art submitted by Defendant did not meet the claim limitation because the prior art taught manually updating search results. *See* Straka Decl., Ex. 7 at 18 (Plaintiff's preliminary response regarding '182 Patent) ("Rowan simply gives the user an opportunity to check a site's trustworthiness *manually* at a later time based on a trustworthiness report, not a presentation that is dynamically updated when additional security assessments are received.") (emphasis added); Straka Decl. Ex. 8 at 19 (Plaintiff's preliminary response regarding '299 Patent) ("Rowan simply gives the user an opportunity to check a site *manually* at a later time, not that a combined search and security results summary is dynamically updated when additional security assessments are received.") (emphasis added). Defendant contends that Plaintiff, having made these arguments before the PTAB, cannot now accuse products of infringing these claims where the "dynamically updating . . ." step is allegedly performed only after user intervention. Dkt. No. 135 at 11. Accordingly, Defendant seeks leave to brief whether "without user intervention" should be added to its proposed constructions. *Id.* Plaintiff, in contrast, argues that its statements during the IPR proceedings do not constitute claim disavowal. Dkt. No. 139 at 9-12.

**C.     Good Cause**

There is good cause to depart from the default deadlines and obligations of the Patent Local Rules because resolving the targeted number of fundamental disputes described above will assist the fact finder in ruling on the patent infringement claims, help the parties tailor discovery to the scope of claims, and allow experts to render more precise opinions. *See* Patent L.R. 1-3; *see also UPEK*, 2010 WL 2889125, at *2. For the same reasons, modestly adjusting the ten-term default limit under Patent Local Rule 4-1(b) is warranted.

4

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's motion.  The Court **DIRECTS** the parties to meet and confer and file a joint statement no later than November 11, 2016.  The statement should propose an expedited schedule for the exchange of Patent Local Rule 4-2 disclosures, the filing of briefs, and the holding of a *Markman* hearing (if ultimately deemed necessary by the Court).  The Court makes no comment on the merits of either party's proposed constructions at this time, and will not do so until after the issues are fully briefed.

**IT IS SO ORDERED.**

Dated:  11/4/2016

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
HAYWOOD S. GILLIAM, JR.
United States District Judge

5