UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SYMANTEC CORP.,<br><br>    Defendant. | Case No.14-cv-02998-HSG<br><br>**ORDER DIRECTING SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**<br><br>Re: Dkt. No. 72 |

Neither party's briefing or oral argument offered much help to the Court in construing the "means for generating" and "means for linking" claims of the '844 patent. Plaintiff's argument that the relevant structure for these claims is the "content inspection engine" does not appear consistent with Federal Circuit precedent holding that "[a] computer-implemented means-plus-function term is limited to the corresponding structure disclosed in the specification and equivalents thereof, and the corresponding structure is the algorithm." *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1253-54 (Fed. Cir. 2005) (finding that district court erred in construing structure as a "symbol processor," because that construction did not incorporate any disclosed algorithm); *see also WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1348 (Fed. Cir. 1999) (finding that district court erred by failing to limit the claim to the algorithm disclosed in the specification). In addition, Plaintiff's expert declaration is unacceptably vague as to where the algorithm for the "content inspection engine" is disclosed specifically in the patent. *See* Medvidovic Decl. at ¶ 21 (generally asserting that "[t]he function and algorithm for the content inspection engine structure is discussed throughout the specification, in flow charts, and diagrams of the '844 Patent," then string-citing numerous sections without elaboration, including the abstract). For its part, Defendant proposes a granular construction stitching together pieces of the '844 Patent (or even the '194 Patent) into the supposed algorithm, but has not cited any Federal

Circuit cases involving this kind of cobbled-together definition of an algorithm. As the Court indicated at the claim construction hearing, it has substantial concerns about the practical workability of this kind of construction at a jury trial.

The parties are **ORDERED** to submit simultaneous supplemental briefs of no longer than ten pages by the close of business on Friday, January 13, 2017 addressing the following issues:

1. Explain why Plaintiff's proposed construction does or does not comport with the rule set out in *Harris* and *WGS Gaming*. The Court instructs Plaintiff that simply referring back to the prior construction in the *Sophos* case does not answer this question.

2. Disclose in detail what sections of the '844 Patent (or other patent) you claim disclose the "algorithm" of the "content inspection engine." Please include the actual language in your brief, rather than simply including generalized citations like those in paragraphs 21 and 25 of Dr. Medvidovic's declaration.

3. Provide Federal Circuit cases involving computer-implemented means-plus-function terms that approved constructions of structures like the one you propose. Again, Plaintiff should not rely on the *Sophos* construction, since the Court is aware of that case, and the *Harris/WGS Gaming* issue did not appear to be raised there (where the sole issue was indefiniteness). The parties should also provide any proposed guidance as to how to craft a manageable jury instruction in the event the Court decides that it is necessary to cite sections of the patent disclosing the algorithm within the claim construction itself.

The parties should be prepared to discuss these issues at the supplemental claim construction hearing set for January 20, 2017 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: 1/6/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge