UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>SYMANTEC CORP.,<br><br>          Defendant. | Case No. 14-cv-02998-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 80, 82 |

Pending before the Court are two administration motions, Dkt. Nos. 80 and 82, to file under seal certain documents relating to the motion to strike filed by Defendant Symantec Corp., Dkt. No. 79 ("Mot. to Strike"), and the opposition filed by Plaintiff Finjan, Inc., Dkt. No. 83 ("Opp. to Mot. to Strike"). The administrative motions to file under seal are unopposed. Pursuant to Civil Local Rule 79-5(e)(1), Defendant filed a declaration seeking to establish that most of the designated material in Plaintiff's administrative motion is sealable. Dkt. No. 84. However, as Defendant asserts that only some of the exhibits attached to the Hannah Declaration accompanying Plaintiff's opposition need to be sealed, the Court limits its consideration to only those exhibits. *Id*.

Having carefully considered each of the requested redactions, the Court **GRANTS IN PART** and **DENIES IN PART** the administrative motions to seal.

**I.   LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point."

*Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178-79 (citations, internal quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citation and internal quotation marks omitted). The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (citations, brackets, and internal quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civ. L.R. 79-5(b).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

**II.   DISCUSSION**

Here, the Court applies the "compelling reasons" standard because the motion to strike has

more than a tangential relation to the merits of the case.  *See Ctr. for Auto Safety*, 809 F.3d at 1101.  The Court rules as follows:

| Motion | Document | Ruling | Reason |
|---|---|---|---|
| 80 | Mot. to Strike | GRANTED as to 11:9-10, 11:19-20, 17:22-24, 17:27-28, 18: 9, 18:26-28, 19:4, 19:7-10 | Confidential Source Code Information[1] |
| 80 | Mot. to Strike, Ex. B | DENIED | No Declaration in Support Pursuant to Civ. L.R.79-5(e)(1) |
| 80 | Mot. to Strike, Ex. C | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. C, Apps. A1-A8 | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. C, Apps. B1-B8 | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. C, Apps. C1-C2 | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. C, Apps. D1-D7 | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. C, App. E1 | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. C, App. F1 | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. C, Apps. G1-G3 | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. C, Apps. H1-H7 | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. D | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. E | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. F | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. G | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. H | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. I | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. J | DENIED | Not Narrowly Tailored |
| 80 | Mot. to Strike, Ex. CC | DENIED | Not Narrowly Tailored |
| 82 | Opp. to Mot. to Strike | GRANTED as to 4:8-13, 5:15-19, 8:3-4, 8:17-25, 8:27, 9:1-3, 9:5-9, 10:16-26, 11:2-21, 12:7-12, 12:15-27, 13:1-2, 13:8-14, 13:18-28, 14:1-9, 14:18-28, 15:1-20, 15:26-27, 16:1-10, 17:12-14, 18:4-14, 18:18-28, 19:1-5, 19:10-15, 20:2-3, 20:11-16 | Confidential Source Code Information |
| 82 | Opp. to Mot. to Strike, Lee Decl. | GRANTED as to 1:18-26, 2, 3:1-13 | Confidential Source Code Information |
| 82 | Opp. to Mot. to Strike, Lee Decl., Ex. 3 | GRANTED | Confidential Source Code Information |
| 82 | Opp. to Mot. to Strike, Hannah Decl., Ex. 5 | GRANTED as to highlighted portions | Confidential Source Code |
| 82 | Opp. to Mot. to Strike, Hannah Decl., Ex. 6 | GRANTED as to highlighted portions | Confidential Business Information |
| 82 | Opp. to Mot. to Strike, Hannah Decl., Ex. 26 | GRANTED | Confidential Source Code and Business Information |

---

[1] The Court has considered confidential source code to "clearly meet[] the definition of a trade secret" so as to constitute sealable material.  *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-01846, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012).

| 82 | Opp. to Mot. to Strike, Hannah Decl., Ex. 27 | GRANTED | Confidential Business Information and Product Development |
| 82 | Opp. to Mot. to Strike, Hannah Decl., Ex. 28 | GRANTED | Confidential Business Information |
| 82 | Opp. to Mot. to Strike, Hannah Decl., Ex. 29 | GRANTED | Confidential Business Information |
| 82 | Opp. to Mot. to Strike, Hannah Decl., Ex. 30 | GRANTED | Confidential Business Information |

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the administrative motions to file under seal the specified documents.  Pursuant to Civil Local Rule 79-5(f)(1), documents found to be sealable material will remain under seal, and the public will have access only to the redacted versions accompanying the motion.  Pursuant to Civil Local Rule 79-5(f)(2), parties must file the unredacted versions of documents as to which sealing was denied within 7 days.

**IT IS SO ORDERED.**

Dated: 2/15/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

4