United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SYMANTEC CORP.,<br><br>    Defendant. | Case No. 14-cv-02998-HSG (JSC)<br><br>**ORDER RE SYMANTEC'S MOTION TO STRIKE FINJAN'S DOCTRINE OF EQUIVALENTS CONTENTIONS**<br><br>Re: Dkt. Nos. 225, 226, 230, 241 |

Plaintiff Finjan Inc. alleges Defendant Symantec Corporation infringes several of Finjan's patents. Now pending before the court is Symantec's motion to strike Finjan's recent doctrine of equivalents ("DOE") contentions. (Dkt. No. 225.) Having carefully reviewed the parties' briefing and having had the benefit of oral argument on September 12, 2017, the Court concludes Finjan has demonstrated good cause to supplement its infringement contentions to include DOE analysis and denies Symantec's motion to strike.

**BACKGROUND**

Finjan served its infringement contentions on December 4, 2014, and supplemented them on April 23, 2015 pursuant to a stipulation entered by the parties. (Dkt. No. 71.) In its contentions, Finjan reserved the right to supplement its contentions pursuant to Patent Local Rule 3-6, "including . . . applying the [DOE] to additional claim elements, as it obtains additional information . . . ." (Dkt. No. 80-4 at 22:24-21:3.) On April 30, 2015, Finjan served Interrogatory No. 10, which asked Symantec to "identify all legal and factual bases for your contention that [each asserted] claim is not infringed and in a chart form, provide a substantive, particularized description of how Symantec does not infringe each element." (Dkt. No. 79-27 at 10:5-10). Symantec initially responded on June 4, 2015 with several objections and the following paragraph:

United States District Court
Northern District of California

> None of the "accused instrumentalities" infringe any asserted claim of any asserted patent either directly or indirectly, or literally or under the doctrine of equivalents, because, as set forth in Symantec's Motion to Strike, Dkt No. 79, Finjan has, in its Infringement Contentions and Amended Infringement Contentions, (1) failed to adequately identify any accused instrumentalities that infringe all elements of any asserted claim of any asserted patent, as Finjan's claim charts simply omit certain claim limitations; (2) failed to adequately provide any justification for its use of representative claim charts for multiple accused instrumentalities, as Finjan only summarily states in its charts that multiple instrumentalities include the functionality charted for a single instrumentality; (3) failed to adequately identify the accused instrumentalities, as Finjan's claim charts and other documents do not even consistently refer to the same accused instrumentalities for given asserted patents or claims; (4) improperly lumped together information regarding multiple Symantec products and technologies into single claim charts without adequate explanation and then duplicated those charts, merely changing the name of the single accused instrumentality that each chart purportedly represents; and (5) failed to adequately disclose the factual basis for its infringement theories by expressly mapping claim limitations to accused instrumentalities and instead provided charts consisting of vague and conclusory statements. Therefore, Finjan has failed to adequately prove that any accused instrumentalities infringe any asserted claim of any asserted patent either directly or indirectly, or literally or under the doctrine of equivalents. Symantec incorporates its Motion to Strike, Dkt No. 79, herein by reference. Symantec reserves the right to supplement this response.

(Dkt. No. 230-6 at 4:7-26.; Finjan's Ex. 1 at 46; Dkt. No. 231-3 at 3.) Two years later, one hour before the close of fact discovery, Symantec supplemented its response to Interrogatory No. 10 with 72 pages of confidential Symantec product information and detailed assertions of its non-infringement positions, identifying for the first time technical product descriptions for specific claim elements and how it claims that its accused products do not satisfy the claim elements. (Dkt. No. 230-6; Finjan Ex. 1.) Finjan reviewed Symantec's response and notified Symantec on the next business day that based on Symantec's identification of new information, Finjan intended to supplement its infringement contentions by June 30, 2017 to include DOE analysis. (Dkt. No. 231-3 at 3-4; Finjan Ex. 2 at 2-3.) On Tuesday, June 27, 2017, Symantec responded that it would consider a stipulation. (*Id*.) The next day Finjan prepared and provided Symantec its proposed DOE supplement. (*Id*.)

Symantec later withdrew its offer to stipulate and the parties filed a joint discovery letter brief in which Finjan requested permission to supplement its infringement contentions to address the supplemental information provided by Symantec. (Dkt. No. 206.) At the discovery letter

1 hearing the Court gave Symantec the opportunity to withdraw its supplemental interrogatory

2 response if the supplementation did not provide any new information. (Dkt. No. 231-5 at 3: 6-24.)

3 Symantec did not withdraw and instead argued that Finjan included new, undisclosed theories in

4 its proposed DOE supplement. (*Id*. at 3:25-4:13.) The Court concluded that it could not

5 determine the issue on a letter brief and granted Symantec leave to file a motion to strike Finjan's

6 DOE supplement from its infringement contentions. (*Id*. at 5:22-6:9.) Symantec subsequently

7 filed the pending motion.

## LEGAL STANDARD

The local rules of the Northern District of California require parties to define their theories of patent infringement and invalidity early in the course of litigation. *O2 Micro Int'l Ltd. v. Monolithic Power S17-29ys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006). "In contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the shifting sands approach to claim construction." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C. 11-2226-SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). Thus, this district's Patent Local Rules permit parties to amend their infringement contentions "only by order of the Court upon a timely showing of good cause." *See* Patent L.R. 3-6. Further, Federal Rule of Civil Procedure 26(e) provides that a party who has responded to an interrogatory must supplement its response "in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

## DISCUSSION

**I.     Amending Infringement Contentions**

   **A.     Good Cause**

To make a satisfactory showing of good cause, a party seeking to amend its infringement contentions must show that it "acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro,* 467 F.3d at 1363. "The party seeking to amend its contentions bears the burden of establishing diligence." *CBS Interactive, Inc. v. Etilize, Inc.,* 257

3

F.R.D. 195, 201 (N.D. Cal. 2009) (citing *O2 Micro,* 467 F.3d at 1366–67).

Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: "(a) claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6. By requiring a showing of good cause, "Local Rule 3-6 serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case." *Open DNS, Inc. v. Select Notifications Media, LLC*, No. C-11-5101 EJD (HRL), 2013 WL 2422623, at \*2 (N.D. Cal. June 3, 2013) (citing *O2 Micro*, 467 F.3d at 1366).

Finjan has shown good cause. Symantec provided 72 pages of information in response to Interrogatory No. 10 one hour before the close of discovery. Finjan contends it was not aware of the technical information before this last minute disclosure. This detailed information was not produced in Symantec's initial response two years ago; nor was it included in Symantec's motion to strike Finjan's infringement contentions which Symantec incorporated into its response. Indeed, Rule 26(e)(1)(A) only requires supplementation of an interrogatory response "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Each page of the newly supplemented disclosures is marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" making them nonpublic. This recent discovery of Symantec's nonpublic information constitutes good cause for Finjan to amend its infringement contentions. *See* Patent L.R. 3-6.

Symantec's reliance on *Apple Inc. v. Samsung Electronics Co. Ltd*, 2013 WL 3246094 (N.D. Cal. June 26, 2013), is unpersuasive. In *Apple*, the court held that "deficiencies in Apple's noninfringement theories do not justify Samsung's delay in asserting all of the infringement theories it reasonably believed it could assert." *Apple Inc.*, 2013 WL 3246094, at \*4. The Court explained:

Samsung argues that because Apple may later seek narrowly-defined structures for

4

> each of the terms—as it did for the '757 Patent and the '239 Patent—and Judge Koh may adopt those narrow structures, Samsung now has good cause to add DOE and Section 112(f) equivalents theories. But again, what has changed? Was the likelihood of Apple arguing for narrow structures for the means-plus-functions claim terms unforeseeable to Samsung earlier in this case? Or does Samsung now appreciate that it may not obtain the constructions it desires? Concern over the possibility of a loss at claim construction does not amount to good cause.... the Patent Local Rules recognize that because patentees must provide their theories early in the case, situations may arise that require adjustment of those contentions. But absent a change in circumstances (and the diligence of the party who needs to amend), a change in theory after the case has progressed is unjustified."

*Id*. Unlike *Apple*, here there was a significant change. Interrogatory 10 required Symantec to identify all legal and factual bases for its contention that each asserted claim is not infringed. Symantec's initial response did not provide any factual basis regarding its products, or why they did not infringe upon Finjan's claims. The change in circumstance occurred two years later, when Symantec substantively answered Finjan's discovery request by submitting 72 pages of descriptions regarding its technologies and why they do not infringe any claims.

Moreover, at oral argument, in response to a question from the Court as to how its 11th hour supplementation was "timely made," Symantec argued that there were many depositions at the end of discovery and that it was from Finjan's questioning of Symantec's witnesses that Finjan's infringement contentions crystalized. That Symantec's supplemental response relies on the deposition testimony of its own witnesses is further evidence that Finjan did not possess the new technical information in Symantec's response, at least until those depositions, which occurred within a few months of Symantec's request for leave. This change in circumstance establishes good cause. *See* Patent L.R. 3-6 (recent discovery of nonpublic information constitutes good cause).

Symantec also relies on *Verinata Health Inc. v. Ariosa Diagnostics, Inc.*, 2017 WL 589191 (N.D. Cal. Feb. 14, 2017), to argue Finjan has not shown good cause because Finjan has not identified what new information led to its proposed amendments. In *Verinata Health,* the plaintiff alluded to previously nonpublic information contained in the defendant's noninfringement contentions, but neither identified specific nonpublic information nor explained how the disclosure led to its new DOE theories. *Id*. at *3. The court concluded that the plaintiff's argument was more

5

along the lines that it was surprised by defendant's noninfringement theories and that this was insufficient to meet the good cause burden. *Id.* Here, in contrast, Finjan has identified specific non-public information concerning over two dozen Symantec technologies that appears for the first time in Symantec's opposition. (Dkt. No. 230-4 at 8-10.)

Symantec also relies on *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015) to argue that Finjan improperly waited to disclose its DOE contentions because it already understood how the Symantec technologies work and had the information it needed to prosecute its contentions. In *Fujifilm*, the defendant served a supplement to its interrogatory response describing its noninfringement positions in slightly more detail two weeks before the deadline for opening expert reports. *Id.* at 7. The plaintiff stated that this was the first time it realized the defendant's noninfringement positions would potentially require the plaintiff to rely on the doctrine of equivalents. *Id.* Here, unlike *Fujifilm*, Symantec's supplemental disclosures contained entirely new information regarding Symantec's products. This is not a case where Symantec provided only "slightly more detail" regarding its noninfringement position - Symantec's first disclosure provided no details whatsoever. Finjan has met its burden to show good cause.

Finally, Symantec laments that Finjan relies on technology that was not identified in its original literal infringement contentions. As explained at oral argument, the Court understands that Finjan has not moved for leave to amend its literal infringement contentions and thus no such leave will be granted.

### B. Diligence

Finjan has also demonstrated diligence. Finjan received Symantec's supplemental response at 11pm on Friday June 23, 2017. One business day later Finjan informed Symantec that it intended to supplement its infringement contentions by June 30, 2017. Symantec does not dispute Finjan's diligence. Finjan has made a satisfactory showing of good cause by promptly moving to amend when Symantec revealed new information. *See O2 Micro,* 467 F.3d at 1363.

### C. Prejudice

If the moving party is able to establish diligence, the Court should then consider prejudice

to the non-moving party in determining whether to grant leave to amend. *See O2 Micro,* 467 F.3d at 1368; *CBS Interactive,* 257 F.R.D. at 201. Symantec argues it will suffer prejudice if the Court allows Finjan's DOE contentions because: (1) the contentions are related to new infringement theories not at issue in the case which will lead to additional discovery, depositions regarding the technologies, and supplemental productions; and (2) the district court will have to reopen claim construction proceedings which will lead to significant delays to the case management schedule, interrupt expert prep, and delay summary judgment and trial.

On this record there is no prejudice. Finjan represents that it is not seeking discovery into Symantec's products. (Dkt. No. 230-4 at 13:16-17.) And at oral argument the Court confirmed that Finjan will not be allowed further discovery in support of its DOE contentions. Further, Symantec has not specified what depositions or written discovery it needs or why a further claims construction would be necessary. The parties may need to stipulate to amend expert discovery deadlines, but that extension is required by Symantec's last minute supplementation of "additional or corrective information [that] has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Moreover, the trial date is April 9, 2118. Other courts in this district have held that seven months is sufficient time to review a plaintiff's amended infringement contentions. *See Linex Technologies, Inc. v. Hewlett-Packard Company*, 2013 WL 5955546, at * (N.D. Cal. Nov. 6, 2013) (plaintiff's motion to amend its infringement contentions was granted in November where trial was set for the following July). Furthermore, as Finjan notes, its proposed amendments do not add new patent claims or new products. *See Apple*, 2012 WL 5632618, at *3 (noting that proposed amendment did not add new claims or theories of infringement). Finjan has met its burden to show good cause. Accordingly, the Court grants Finjan leave to serve its DOE contentions and denies Symantec's motion to strike.

**D. Rule 3-1(b) and (c)**

Patent Local Rule 3–1(b) requires, in pertinent part, that each accused product is identified as specifically as possible by name or model number for each asserted claim, if known. Patent Local Rule 3-1(c) requires, in relevant part, a chart identifying specifically where each limitation

7

of each asserted claim is found within each accused instrumentality.

Symantec argues Finjan's contentions are not specific but summarily refer to "Symantec Products" without specifically identifying which Symantec products the new contentions relate to, in violation of Rule 3-1(b). Symantec also argues Finjan violates Rule 3-1(c) because Finjan has not described how the products are substantially the same. Finjan counters that the DOE analysis was "clearly intended to be inserted into each chart at individual elements, and where it would apply to those specific products." (Dkt. No.230-4 at 17:2-4.) However the DOE analysis is not presently inserted into Finjan's chart in a manner which identifies the specific products. (*See* Dkt. No. 226-5.) As such, the Court instructs Finjan to amend its DOE analysis as Finjan suggests, such that the DOE analysis specifically identifies the Symantec products it refers to, as required by Patent Local Rule 3-1. Such amendment shall be produced on or before September 20, 2017.

## II. Motions to File Under Seal

Symantec moves to file Exhibits A-G and part of Exhibit M under seal. (Dkt. Nos. 225, 241.) Exhibits A-G includes Finjan's infringement and DOE contentions as well as transcript excerpts of two of Symantec employees. Exhibit M is Symantec's response to Finjan's interrogatory 20, which describes Symantec's source code and source code directors. Finjan moves to file part of its opposition as well as Exhibits 1, 5, 6, and 10-14 under seal. These exhibits include technical documents produced in discovery concerning Symantec's products and deposition excerpts of employees. (Dkt. No. 230.) The documents submitted by both Symantec and Finjan clearly concern confidential business information whose disclosure would impact Symantec's competitive posture. Accordingly, the Court grants all three motions to seal.

## CONCLUSION

The Patent Local Rules are designed to crystalize the parties' theories early in the case. For whatever reason, that does not appear to have happened here. For the reasons described above, the most fair approach at this stage in the proceedings is to allow Symantec's supplementation of its response to Interrogatory No. 10, allow Finjan to assert its DOE contentions, and deny Symantec's motion to strike. Finjan is ordered to update its DOE contentions as set forth in this Order on or before September 20, 2017.

This Order disposes of Dkt. No. 225, 226, 230, and 241.

**IT IS SO ORDERED.**

Dated: September 13, 2017

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge