UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>SYMANTEC CORP.,<br><br>        Defendant. | Case No. 14-cv-02998-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND ITS ANSWER TO ADD INEQUITABLE CONDUCT AFFIRMATIVE DEFENSE**<br><br>Re: Dkt. No. 242 |

On August 18, 2017, Defendant Symantec Corp. filed a motion to amend its answer to add an affirmative defense of inequitable conduct. Dkt. No. 242 ("Mot."). The motion is opposed by Plaintiff Finjan, Inc. Dkt. No. 261. The motion is now fully briefed and is pending before the Court.[1]

The party seeking to amend a pleading after expiration of the deadline set by the pretrial scheduling order "must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (brackets in original), *aff'd d sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). The Ninth Circuit has held that:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party is not diligent, the inquiry should

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

United States District Court
Northern District of California

end.

*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (quotation marks and citation omitted). If "good cause" for amendment is found under Rule 16(b), then the Court should deny leave to amend "only if such amendment would be futile." *Heath v. Google Inc.*, No. 15-CV-01824-BLF, 2016 WL 4070135, at *2 (N.D. Cal. July 29, 2016) (quotation marks omitted); *see also Kisaka v. Univ of S. Cal.*, No. CV 11-01942 BRO (MANx), 2013 WL 12203018, at *2–3 (C.D. Cal. Nov. 20, 2013) (assessing motion for leave to amend under Rule 16(b) and holding that even if the Court were to find diligence and lack of prejudice, amendment would nonetheless be futile).

Here, Defendant has not satisfied the "good cause" standard of Rule 16(b). Defendant seeks to assert an inequitable conduct defense based on an allegedly false declaration that Mr. Shlomo Touboul filed with the United States Patent and Trademark Office. Mot. at 1. Plaintiff produced that declaration to Defendant on December 3, 2014. Kastens Decl., Dkt. No. 261-1 ¶ 2 & Ex. 1 at 12–14. Defendant claims not to have been on notice regarding the alleged falsity of the declaration until it received Plaintiff's fourth supplemental response to Defendant's Interrogatory No. 1 on July 26, 2017. Mot. at 3–4. However, the relevant language in that response is identical to language in Plaintiff's response to Interrogatory No. 1, which Plaintiff served on Defendant on December 4, 2014. *Compare* Cassidy Decl., Dkt. No. 242-1 ¶ 11 & Ex. I at 12 ("Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul were involved with, and may have knowledge related to the conception and reduction to practice of the '494 patent.") *with* Kastens Decl. ¶ 8 & Ex. 6 at 9 (same). The Court is not persuaded by Defendant's argument that it was not on notice regarding the alleged falsity of the declaration until Plaintiff narrowed the asserted claims of the '494 patent. *See* Mot. at 4. Thus, as early as December 4, 2014, Defendant had sufficient information to investigate its theory. Despite this, Defendant never deposed Mr. Touboul. *See* Kastens Decl. ¶ 7. And while Defendant argues that it "asked [Plaintiff] a number of times about the invention story for the '494 patent during discovery in this case," it only cites communications made on or after May 10, 2017. *See* Mot. at 3–5. This delay of approximately 2.5 years demonstrates lack of diligence, even considering an intervening stay lasting approximately ten

months.[2]  Since Defendant has not been diligent, the inquiry ends.  *See Johnson*, 975 F.2d at 609.[3]

For the foregoing reasons, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED.**

Dated:  9/27/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

---

[2] The stay was entered on October 9, 2015, Dkt. No. 117, and lifted on August 1, 2016, Dkt. No. 127.
[3] The Court thus does not need to determine whether the Touboul declaration was false as Defendant alleges.