UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SYMANTEC CORP.,<br><br>    Defendant. | Case No. 14-cv-02998-HSG<br><br>**ORDER GRANTING MOTION TO INTERVENE, AND GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 238, 239, 260, 262, 273, 275 |

Pending before the Court is the motion to intervene filed by IAC Search & Media, Inc. ("IAC"). Dkt. No. 239 ("Mot."). The motion is fully briefed and was heard and **GRANTED** by the Court on the record on September 28, 2017. As indicated at the hearing, the Court briefly sets out its reasoning here for the record. Relatedly, also pending before the Court are five administrative motions to seal documents, which were filed by IAC, Defendant Symantec Corp., and Plaintiff Finjan, Inc. Dkt. Nos. 238, 260, 262, 273, 275. The administrative motions are **GRANTED IN PART** and **DENIED IN PART**.

I. **ADMINISTRATIVE MOTIONS TO SEAL**

    A. **Legal Standard**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure,

such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation omitted). The Court must

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (quotation marks and citation omitted); *see also* Fed. R. Civ. P. 26(c).

**B. Discussion**

Here, the Court applies the "compelling reasons" standard because the documents at issue have more than a tangential relation to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1101. The Court rules as follows:

//

//

| Motion(s) | Document | Ruling | Portions Sealable | Reason |
|---|---|---|---|---|
| 238, 275 | Mot. to Intervene | GRANTED | Highlighted portions | Trade secrets |
| 238 | Gildin Decl. & Ex. 1 | GRANTED | Highlighted portions | Trade secrets |
| 238, 275 | Walker Decl., Exs. 3, 6–11, 13–15 | GRANTED | Highlighted portions | Trade secrets |
| 238, 275 | Walker Decl., Ex. 12 | DENIED | N/A | Unable to assess[1] |
| 260 | Hamstra Decl., Ex. A | GRANTED IN PART / DENIED IN PART | ¶182(i) (p. 90); ¶185(e) (p. 92) | Trade secrets / not narrowly tailored[2] |
| 262 | Opp. to Mot. to Intervene | GRANTED | Highlighted portions | Trade secrets |
| 262 | Kastens Decl., Exs. 4, 7 | GRANTED | Entirety | Trade secrets |
| 273 | Reply in Support of Mot. to Intervene | GRANTED | Highlighted portions | Trade secrets |

Pursuant to Civil Local Rule 79-5(f)(1), the six documents filed under seal as to which the administrative motions are granted in full will remain under seal and the public will have access only to the redacted versions accompanying the administrative motions. Pursuant to subsection (f)(2), Exhibit 12 of the Walker Declaration will not be considered by the Court unless an unredacted version is filed within 7 days of this Order. And pursuant to subsection (f)(3), Exhibit A to the Hamstra Declaration will not be considered by the Court unless a revised redacted version consistent with this Order is filed within 7 days of this Order.

## II. MOTION TO INTERVENE

IAC moves to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). Mot. at 9–15. That provision "requires a court, upon timely motion, to permit intervention of right by anyone who 'claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.'" *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting Fed. R. Civ. P. 24(a)(2)). Courts in this Circuit apply the following four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the

---

[1] Exhibit 12 was heavily redacted despite being marked as "unredacted." *See* Dkt. No. 238-9 at 78–201; Dkt. No. 275-4 at 107–230.
[2] Symantec's request to seal the entire document is not narrowly tailored to sealed material, whereas Finjan's request is narrowly tailored to such material. *Compare* Dkt. No. 260-1 *with* Dkt. No. 266 ¶ 3.

3

> applicant's interest must be inadequately represented by the parties to the action.

*Id.* (quoting *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478 (9th Cir. 1993), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)).

Here, all four factors are met for intervention as of right. First, the motion was timely: while the stage of proceedings is relatively advanced, IAC filed its motion less than two months after first receiving notice of Finjan's claims against Safe Search, and this modest delay was reasonable under the circumstances and did not substantially prejudice the parties. *See Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) ("Three factors should be evaluated to determine whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."); *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 858 (9th Cir. 2016) ("The crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties" (quotation marks omitted)). Second, IAC's significantly protectable interest in Safe Search is apparent from its status as host of the platform, its provision of the service to end users, and its agreement to indemnify Symantec in connection with claims of patent infringement by Safe Search. *See California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) ("[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation."); *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) ("[A] non-speculative, economic interest may be sufficient to support a right of intervention."). Third, the disposition of this action without the requested intervention would hamper IAC's ability to protect that interest. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) ("[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." (quotation marks omitted)). Fourth, based upon the history of this case and IAC's role as the developer of Safe Search, the Court finds that IAC's interests would be inadequately represented by Symantec, and that IAC has an incentive and ability to fully develop and present its defenses in a manner not coextensive with Symantec's. *See Arakaki v.*

*Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) ("This Court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.").

Consequently, the Court grants IAC intervention as a matter of right.[3] In the exercise of its discretion, the Court declines to sever the Safe Search claims, and instead will set a revised case schedule, as explained at the hearing. *See Lam Research Corp. v. Flamm*, No. 15-cv-01277-BLF, 2016 WL 1237831, at *2 (N.D. Cal. Mar. 30, 2016) ("The trial court . . . has great discretion to restructure an action to promote the efficient administration of justice." (quoting 4-21 Moore's Fed. Prac. Civ. § 21.05)).

## III. CONCLUSION

For the forgoing reasons, the motion to intervene is **GRANTED** and the administrative motions are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: 9/29/2017

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Since the Court finds that intervention as of right is required, it does not reach IAC's arguments regarding permissive intervention. *See* Mot. at 16.

5