UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>SYMANTEC CORP.,<br><br>        Defendant. | Case No. 14-cv-02998-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS ANSWER TO ADD COLLATERAL ESTOPPEL AFFIRMATIVE DEFENSE**<br><br>Re: Dkt. No. 294 |

Pending before the Court is Plaintiff Finjan, Inc.'s ("Finjan") motion to amend its answer to add collateral estoppel as an affirmative defense to Defendant Symantec Corporation's ("Symantec") amended counterclaims of invalidity regarding U.S. Patent Numbers 8,677,494 (the "'494 Patent") and 6,154,844 (the "'844 Patent") (collectively, "the Asserted Patents"). Dkt. No. 294 ("Mot."); *see* Dkt. No. 294-1 ("Am. Answer"); Dkt. No. 45. On November 2, 2017, Defendant filed an opposition to the motion. Dkt. No. 298 ("Opp."). Plaintiff replied on November 9, 2017. Dkt. No. 299 ("Reply"). After careful consideration, the Court **GRANTS** the motion.[1]

I.  **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." In applying this "good cause" standard, courts "primarily consider[] the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *In re W. States Wholesale Nat.*

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). Part II of this order sets forth the factual background as necessary for the Court's disposition.

*Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). Once good cause is established, "Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted); *accord Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2015 WL 7075573, at *2 (N.D. Cal. Nov. 13, 2015). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. The determination of whether to allow amendment "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## II. DISCUSSION

In moving to amend its answer, Plaintiff argues that (1) it has good cause to amend; (2) it acted diligently and in good faith in seeking amendment; (3) the requested amendment will not prejudice Defendant; and (4) the amendment is not futile. Defendant disputes only the last of these grounds. Specifically, Defendant contends that Plaintiff's amendment is futile because Plaintiff cannot establish the elements of collateral estoppel. *See* Opp. at 1, 3–4; Reply at 1. The doctrine of collateral estoppel requires a threefold showing:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (quoting *Kourtis v. Cameron,* 419 F.3d 989, 994 (9th Cir.2005)).

Defendant's futility arguments are not dispositive under Rule 15(a). Defendant does not dispute that Plaintiff acted diligently and in good faith. Defendant, moreover, does not claim to be prejudiced by Plaintiff's requested amendment. *See Eminence Capital, LLC*, 316 F.3d at 1052 (noting that prejudice is "the touchstone of the inquiry under rule 15(a)" (quotation omitted)).

2

Defendant will have an opportunity to substantively contest Plaintiff's affirmative defense at summary judgment. *See Bates v. City of San Jose*, No. C-06-05302 RMW, 2008 WL 2694025, at *5 (N.D. Cal. July 7, 2008), *aff'd,* 359 F. App'x 771 (9th Cir. 2009) (finding that a party need not raise collateral estoppel in a responsive pleading, but can instead timely raise the issue in a motion for summary judgment). In addition, granting Plaintiff's motion will not impact any Court-ordered dates or deadlines. *See* Mot. at 8; Dkt. No. 291.

As to whether Plaintiff's amendment is futile, Plaintiff satisfies its minimal burden at the pleading stage. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (observing that the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)"); *accord Finjan, Inc.*, 2015 WL 7075573, at *3–5 (granting leave to amend to add willful infringement claims, finding that Plaintiff was not required at the pleading stage to satisfy the corresponding evidentiary standard for proof).

Plaintiff here pleads a collateral estoppel defense that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The crux of Plaintiff's defense is that Defendant was in control of Blue Coat Systems, Inc. ("Blue Coat") when Blue Coat lost an invalidity challenge to the Asserted Patents on summary judgment. *See* Mot. at 2; *Finjan, Inc. v. Blue Coat Systems, Inc.*, Case No. 15-cv-03295-BLF ("*Blue Coat II*"). Plaintiff alleges that Defendant acquired Blue Coat in 2016, and therefore controlled Blue Coat during the *Blue Coat II* litigation. Am. Answer at 13–14; *see Taylor v. Sturgell*, 553 U.S. 880, 895 (2008) (holding that "a nonparty is bound by a judgment if she 'assume[d] control' over the litigation in which that judgment was rendered" (quoting *Montana v. United States*, 440 U.S. 147, 154 (1979)). Plaintiff further pleads that Blue Coat raised and litigated the Asserted Patents' invalidity in *Blue Coat II*. Am. Answer at 13–14; Mot. at 10–12. Plaintiff claims that the validity issue was essential to the summary judgment ruling in *Blue Coat II*. *See id.* According to Plaintiff, that ruling was a final judgment on the merits because the court found that the Asserted Patents were not invalid. *Id.*

3

Given the facial adequacy of these allegations, Defendant's dual-pronged attack on the substance of Plaintiff's defense is premature. Defendant argues first that privity is absent because the products in this action are discrete from those involved in *Blue Coat II*. *See* Opp. at 4. The cases upon which Defendant relies, however, do not go so far. *See id.* (citing *Int'l Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1329 (Fed. Cir. 2000) (observing that "one situation" in which privity is found is when parties have "successive interests in the same property")); *accord Crossroads Sys.(Texas), Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621, at *7 (W.D. Tex. May 31, 2006); *see also Pall Corp. v. Fisher Sci. Co.*, 962 F. Supp. 210, 213 (D. Mass. 1997) (vacating a protective order preventing discovery on the issue of patent validity subject to that court's collateral estoppel finding).

Defendant next argues that the validity of the Asserted Patents was not "actually litigated" in *Blue Coat II*, and thus that *Blue Coat II* does not constitute a final judgment on validity. Opp. at 6–7. Defendant claims that the *Blue Coat II* court did not decide the issue of validity, but instead (1) adjudicated particular prior art theories as applied to the '494 Patent; and (2) held that Blue Coat was collaterally estopped from challenging the validity of the '844 Patent due to an even earlier judgment. *See id.*; *see also Finjan, Inc. v. Blue Coat Sys., Inc.*, Case No. 13-cv-3999-BLF (N.D. Cal) ("*Blue Coat I*"). But Defendant's own authority casts doubt on its distinction between litigating sub-issues underlying a court's validity determination, and the validity determination itself. *See Crossroads Sys. (Texas), Inc.*, 2006 WL 1544621, at *5 ("[T]he overwhelming weight of authority suggests that the 'issue' that is to be given issue-preclusive effect . . . in the patent context is the ultimate determination on patent validity itself, not the sub-issues or the individual pieces of evidence and arguments that may have been necessary to support the validity determination."); *Roche Palo Alto LLC v. Apotex, Inc.*, 526 F. Supp. 2d 985, 994–95 (N.D. Cal. 2007), *aff'd*, 531 F.3d 1372 (Fed. Cir. 2008) (rejecting the argument that "the only relevant 'issues' that can qualify for issue-preclusive effect are the specific grounds for invalidity" asserted in a prior action). Considering Rule 15(a)'s low threshold for allowing amendment, the Court finds Plaintiff's allegations regarding validity sufficient at this stage.

///

The Court therefore **GRANTS** Plaintiff's motion to amend its answer to add a collateral estoppel defense.

**IT IS SO ORDERED.**

Dated: 12/7/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge