UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SYMANTEC CORP.,<br><br>    Defendant. | Case No. 14-cv-02998-HSG<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 293 |

On October 19, 2017, Plaintiff Finjan, Inc. ("Finjan") filed an unopposed administrative motion to seal portions of exhibits accompanying its motion to amend its answer to add collateral estoppel as an affirmative defense. *See* Dkt. No. 293 ("Mot."); Dkt. No 294. For the reasons herein, the Court **GRANTS** the motion.

**I.    LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files

might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation marks and citation omitted). The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material . . ." Civil L.R. 79-5(b). Courts also "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information." *See Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding that "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" containing "confidential business information" satisfied the "compelling reasons" standard in part because sealing that information "prevent[ed] competitors from gaining insight into the parties' business model and strategy").

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

///

## II. DISCUSSION

Plaintiff seeks to seal documents accompanying its motion to amend its answer to add a collateral estoppel defense as set forth in the following table:

| Document Sought to Be Sealed | Portions of Document Sought to Be Sealed | Designating Entity |
|---|---|---|
| Exhibit 9 (excerpts of Finjan's Supplemental Responses to Symantec's Interrogatories (Nos. 1, 3, 5-18)) to the Declaration of Kristopher Kastens in Support of Finjan's Motion to Amend ("Kastens Decl.") | Page 44, line 24-page 45, line 11; page 46, lines 5-6, 21-26; page 47, lines 2, 4; page 49, line 24-page 50, line 21; page 51, lines 4-8; page 51, line 11-page 52, line 13; page 53, lines 2-4 | Finjan |
| Exhibit 11 (excerpts of Finjan's Second Supplemental Responses to Symantec's Interrogatory No. 13) to the Kastens Decl. | Page 4, line 21-page 5, line 8; page 6, lines 2-3, 18-23, 25, 27; page 9, line 25-page 10, line 21; page 11, lines 4-8; page 11, line 11-page 12, line 13; page 13, lines 2-4 | Finjan |

Mot. at 1. Plaintiff argues that the information sought to be sealed constitutes confidential information pertaining to (1) Plaintiff's business and licensing practices; and (2) the business practices of Defendant Symantec Corporation ("Symantec") and third parties. *Id.* at 2. Plaintiff claims that it "treats information regarding its licenses as highly confidential within its business and makes substantial efforts not to disclose the terms of its licenses to the public." *Id.*; *see* Dkt. No. 293-1 ("Kastens Decl.") at 1.

The Court applies the "compelling reasons" standard to these documents, as they bear more than a tangential relation to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1101. The information identified by Plaintiff in its sealing request satisfies that standard, as it constitutes confidential business and licensing information. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2. Plaintiff has, moreover, narrowly tailored its request so as to include only information for which there is good cause to seal.

Thus, the Court **GRANTS** Plaintiff's administrative motion to seal. Pursuant to Civil Local Rule 79-5(f)(1), those documents filed under seal as to which the administrative motion is

granted will remain under seal.  The public will have access only to the redacted versions accompanying the administrative motion.

**IT IS SO ORDERED.**

Dated:  12/7/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge