Teresa C. Chow (SBN 237694)
Jihee Ahn (SBN 292659)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:    310.820.8800
Facsimile:     310.820.8859
Email:           tchow@bakerlaw.com
                     jahn@bakerlaw.com

T. Cy Walker (*pro hac vice*)
Robert L. Hails (*pro hac vice*)
**BAKER & HOSTETLER LLP**
1050 Connecticut Avenue NW, Suite 1100
Washington, DC 20036-5403
Telephone:    202.861.1500
Telephone:    202.861.1783
Email:           cwalker@bakerlaw.com
                     rhails@bakerlaw.com

*Attorneys for Intervenor*
IAC SEARCH & MEDIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., | CASE NO.: 4:14-CV-02998-HSG (JSC) |
| Plaintiff, | [Honorable Haywood S. Gilliam, Jr.] |
| v. | **IAC SEARCH & MEDIA, INC.'S RESPONSE TO FINJAN, INC. AND SYMANTEC CORP.'S JOINT STATEMENT TO STAY CASE** |
| SYMANTEC CORP., | |
| Defendant, | Action Filed: June 30, 2014 |
| and | |
| IAC SEARCH & MEDIA, INC., | |
| Intervenor. | |

1  Kevin P. Flynn (*pro hac vice* pending)
   **BAKER & HOSTETLER LLP**
2  312 Walnut Street, Suite 3200
   Cincinnati, OH 45202-4074
3  Telephone:     513.929.3400
   Telephone:     513.929.0303
4  Email:         kflynn@bakerlaw.com

5  *Attorneys for Intervenor*
   IAC SEARCH & MEDIA, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

IAC Search & Media, Inc. ("IAC") respectfully requests the Court deny the request from Finjan Inc. ("Finjan") and Symantec Corp. ("Symantec") to stay all deadlines in the case (*see* Dkt. 365) for the reasons that follow.

## I.  BACKGROUND

In September 2017, this Court granted IAC's motion to intervene in this action as a matter of right.  Dkt. 287.  In so doing, the Court recognized that IAC has a protectable interest in defending "Safe Search" (the service accused of infringing Finjan's Patent No. 8,015,182) based on IAC's status as host of the platform, IAC's provision of the service to end users, and IAC's agreement to indemnify Symantec for claims of patent infringement made against Safe Search. *Id.* at 3-5.  The Court also recognized that "disposition of this action without the requested intervention would hamper IAC's ability to protect that interest." *Id*.  The Court granted a three-month extension to the schedule to permit IAC to prepare expert reports on its defenses, depose Finjan's experts, and prepare a summary judgment motion.  *Id*.

IAC spent those months investigating Finjan's infringement claims against Safe Search. IAC's investigation revealed that, among other things, the Safe Search service does not possess either a "search engine … for embedding an active program within [a] search results summary" or a "content security scanner" – both of which are called for by the asserted claims.  IAC also determined that Finjan's infringement claims against Safe Search are based on erroneous claim constructions that conflict with the patent's claim language, its specification, and Finjan's representations to the U.S. Patent and Trademark Office.  IAC, therefore, filed a motion for summary judgment of non-infringement (Dkt. 328), which is now fully briefed and awaiting decision.  Oral argument on IAC's motion is scheduled for March 2nd.  Dkt. 364.

Yesterday, Finjan and Symantec filed a joint statement to stay the case.  Dkt. 365. The joint statement was filed without IAC's agreement and over its objection, contrary to Judge Gilliam's November 2017 Standing Order in Civil Cases, which requires all parties to file a joint statement demonstrating particularized good cause for a requested change.  In that statement, Finjan and Symantec represent that they have signed a term sheet for settling both the present suit

- 1 -

IAC SEARCH & MEDIA, INC.'S RESPONSE TO FINJAN AND SYMANTEC'S JOINT STATEMENT TO STAY CASE
CASE NO.: 4:14-CV-02998-HSG (JSC)

and other litigation between them.  They request a thirty-day stay of all deadlines so that they may finalize their settlement agreement.

Finjan's and Symantec's negotiations occurred without IAC's knowledge or participation.  IAC only learned about the potential settlement two days ago, when Symantec's counsel notified IAC's counsel of Finjan's and Symantec's intent to file a joint statement seeking an extension of the schedule and requested IAC to join the statement.  Ex. 1.[1]  IAC was not informed of the terms of settlement, nor was IAC given any assurances that the settlement would release IAC from claims related to Safe Search.  IAC, therefore, informed Finjan and Symantec that it would join the proposed statement provided Finjan and Symantec grant to IAC a release and covenant to sue as to any claims relating to Safe Search; otherwise, IAC intended to go forward with oral argument on its summary judgment motion.  Ex. 3.

Neither Finjan nor Symantec responded to IAC.  Instead, Finjan and Symantec removed all references to IAC from the draft "joint" statement, and they filed it with the Court.  *Compare* Ex. 2 (draft joint statement provided to IAC on February 12) *with* Dkt. 365.  If the stay were granted, resolution of IAC's motion for summary judgment would be delayed, and perhaps never addressed, leaving IAC exposed to continuing prejudice.

**II.    ARGUMENT**

IAC respectfully requests that the Court deny Finjan's and Symantec's request for a stay insofar as it relates to Finjan's claims against Safe Search and proceed to a decision on IAC's motion for summary judgment.  There are several reasons.

First, under the express terms of the agreement between IAC and Symantec governing the Safe Search service, IAC controls the defense and settlement of any infringement claim tendered by Symantec and Symantec is required to cooperate with IAC in defending or settling such claim.  *See* Dkt. No. 239-2, Ex. 1 ¶13.2.  The Court recognized that IAC was entitled to intervene in this litigation as a matter of right, in part, because IAC had this contractual duty to defend and indemnify Symantec for infringement claims made against Safe Search.  *See* Dkt. 287.  The Safe

---

[1] Unless otherwise noted, all exhibits ("Ex. __") cited herein are to the Declaration of T. Cy Walker in Support of IAC's Response to Finjan, Inc. and Symantec, Corp.'s Joint Statement To Stay Case filed herewith.

Search agreement does not authorize Symantec to settle Finjan's infringement claims against Safe Search without IAC's consent.

Second, even if Finjan and Symantec settle all claims between them, IAC will face continued prejudice without a decision on its own motion. Finjan and Symantec both refused IAC's request for a release and covenant not to sue on claims relating to Safe Search, a clear indication that they contemplate further litigation against IAC. Resolution of the summary judgment motion, however, can mitigate any such prejudice by allowing IAC to prove that Finjan's underlying infringement claims against Safe Search are baseless.

And, third, allowing Finjan and Symantec to settle the Safe Search claims in secret and then pursue IAC over Safe Search would defeat the entire purpose of allowing IAC to intervene in the case in the first place. Since September, IAC has expended substantial resources to defend Safe Search. Working essentially from a cold start, IAC served expert reports on non-infringement and damages issues, confirmed its defenses via deposition of Finjan's expert, and prepared its summary judgment motion. IAC was permitted to do so because Symantec was ill suited and poorly motivated to defend Safe Search and because, if IAC did not intervene, its ability to protect its interests in Safe Search would be hampered materially. *See* Dkt. 287. Now, on the eve of a decision that would vindicate this effort and expense, Finjan and Symantec would deny IAC the fruits of its labor and yet preserve their ability to pursue IAC in future litigation over the same service (Safe Search) that IAC is defending now. Absent a decision on IAC's summary judgment motion (or a release), IAC ultimately would face the same uncertainty as if it never participated in these proceedings, and its substantial expenditures in this case would be wasted.

### III.    CONCLUSION

Accordingly, IAC respectfully requests the Court to deny the requested stay as it relates to the infringement claims made against Safe Search and hold oral argument on IAC's summary judgment motion of non-infringement on March 2nd, as calendared. IAC takes no position on the requested stay as it relates to any other patents or claims asserted.

Dated: February 14, 2018         Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:   */s/ Teresa C. Chow*
      Teresa C. Chow
      Jihee Ahn
      T. Cy Walker
      Robert L. Hails
      Kevin P. Flynn

*Attorneys for Intervenor*
IAC SEARCH & MEDIA, INC.

- 4 -